**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| In re: | (Chapter 11) |
| PREMIER KINGS, INC., *et al.*[1] | Case No. 23-02871 (TOM) |
| Debtors. | Joint Administration Requested |

**MOTION OF DEBTORS AND DEBTORS-IN-POSSESSION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF UNSECURED CREDITORS FOR GIVING NOTICE IN LIEU OF SUBMITTING A SEPARATE LIST FOR EACH DEBTOR, (II) AUTHORIZING THE DEBTORS TO IMPLEMENT CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES, AND (III) GRANTING RELATED RELIEF**

Premier Kings, Inc. and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (each a "<u>Debtor</u>" and collectively, the "<u>Debtors</u>"), respectfully submits the above titled motion (the "<u>Motion</u>") and in so doing state as follows:

**<u>RELIEF REQUESTED</u>**

1.     The Debtors seek entry of an order (the "<u>Order</u>") substantially in the form attached hereto as **<u>Exhibit A</u>**: (i) authorizing the Debtors to file a consolidated list of unsecured creditors for giving notice in lieu of submitting separate lists for each debtor, (ii) authorizing the Debtors to implement certain notice and case management procedures (the "<u>Procedures</u>"), and (iii) granting related relief.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are:  Premier Kings, Inc. (3932); Premier Kings of Georgia, Inc. (9797); and Premier Kings of North Alabama, LLC (9282).  The Debtors' address is 7078 Peachtree Industrial Blvd., Suite #800, Peachtree Corners, GA 30071.  The Debtors have filed a motion for joint administration with the Court.

65533/0001-45743165v2

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *General Order of Reference* from the United States District Court for the Northern District of Alabama dated July 16, 1984, as amended July 17, 1984.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.    The bases for the relief requested herein are section 102, 105(a), 107(b), and 521 of 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code") and Rules 1007, 2002(m), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

5.    On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, thereby commencing the instant cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6.    No trustee, examiner, or official committee has been appointed in these Chapter 11 Cases. Detailed information addressing the Debtors' businesses, their finances, and the circumstances leading to the filing of these Chapter 11 Cases is contained in the *Declaration of David M. Baker in Support of First Day Motions* (the "First Day Declaration").[2]

## BASIS FOR RELIEF

### I.    Consolidated List of 40 Largest General Unsecured Creditors.

7.    Pursuant to Bankruptcy Rule 1007(d), a debtor shall file "a list containing the name, address and claim of the creditors that hold the twenty 20 largest unsecured claims,

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the First Day Declaration.

65533/0001-45743165v2

excluding insiders." Fed. R. Bankr. P. 1007(d). Because many creditors may be shared amongst the Debtors, the Debtors request authority to file a single, consolidated list of their 40 largest general unsecured creditors (the "Top 40 List"). The Top 40 List will help alleviate administrative burdens, costs, and the possibility of duplicative service.

## II.    **Notice and Case Management Procedures.**

8.    The Debtors have numerous creditors and diverse parties in interest. Broad notice and service requirements would be expensive, administratively inefficient, and unduly burdensome on the Debtors' estates. The Debtors propose to reduce expense and administrative burden by limiting notice and service requirements pursuant to Sections 102(1)(A) and 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(m) and 9007.

9.    Section 102(1)(A) of the Bankruptcy Code provides that all notice and hearing requirements in the Bankruptcy Code shall be construed as mandating such notice and opportunity for a hearing "as is appropriate in the particular circumstances." The Court has the authority under Section 105(a) of the Bankruptcy Code to issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. The Court is further authorized by Bankruptcy Rule 2002(m) to enter orders designating matters in respect to which, and the entities to whom, notices shall be sent pursuant to the provisions of the Bankruptcy Code. In addition, the Court has general authority to regulate notices pursuant to Bankruptcy Rule 9007. Implementation of the Procedures is appropriate in the Chapter 11 Cases and within the Court's equitable powers under Section 105 of the Bankruptcy Code.

10.    By this Motion, the Debtors seek authority to implement the Procedures in connection with the administration of the Chapter 11 Cases and to utilize the Limited Notice (as defined below). The Debtors request that, to the extent of any conflict between the Procedures or Limited Notice and the provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local

3

Rules, that the Procedures or Limited Notice shall govern and shall supersede such provisions and rules.

11.     The Procedures establish requirements for the filing and serving of notices, motions, pleadings, applications, other requests for relief, and all documents filed in support thereof (collectively, the "Pleadings") in the Chapter 11 Cases and the filing of any objections (the "Objections") or replies thereto (the "Replies," and, together with the Pleadings and the Objections, the "Documents"). As set forth more fully below, the Procedures (a) set forth the standards for notice; (b) authorize the Debtors to schedule, in cooperation with the Court, periodic omnibus hearing dates; and (c) articulate mandatory guidelines for the scheduling of hearings and objection deadlines. Furthermore, the Debtors seek to reduce expenses and administrative burdens by limiting notice and service requirements.

12.     Contemporaneously herewith, the Debtors have filed the *Motion of the Debtors and Debtors-in-Possession for Entry of an Order (I) Directing Joint Administration of Chapter 11 Cases and (II) Granting Related Relief* (the "Joint Administration Motion"). The objective of the relief sought Joint Administration Motion, along with that requested herein, is to minimize the administrative burden of the Chapter 11 Cases on the Court, the Debtors, and all parties in interest, while fully satisfying the notice and due process requirements set forth in the Bankruptcy Code, and protecting the substantive rights of all parties.

13.     To ensure that parties in interest in the Chapter 11 Cases are made aware of the Procedures, the Debtors propose to serve the Procedures on the Master Service List (as defined below) and make them available to any party upon written request.

14.     The following Procedures should be implemented in connection with the administration of their Chapter 11 Cases:

4

**A.    Filing and Notification Procedures.**

15.    <u>Filing</u>. All documents shall be filed electronically with the Court through CM/ECF on the docket of *In re Premier Kings, Inc.*, Chapter 11, Case No. 23-02871 (TOM) pursuant to Local Rule 5005-4. The documents shall be noticed in accordance with the Procedures set forth below.

16.    <u>Limited Notice/Entities to be Served</u>. All Documents shall be served, in the manner described below, on:

    a.    Via email, if available, otherwise via facsimile or U.S. mail:

        (i)    proposed counsel to the Debtors:

            Holland & Knight LLP
            1901 Sixth Avenue N, Suite 1400
            Birmingham, Alabama 35203
            Jesse S. Vogtle, Jr. - jesse.vogtle@hklaw.com
            Eric T. Ray - etray@hklaw.com

            *-and-*

            Cole Schotz P.C.
            1201 Wills Street, Suite 320
            Baltimore, MD 21232
            Gary H. Leibowitz - gleibowitz@coleschotz.com
            Irving E. Walker - iwalker@coleschotz.com
            H.C. Jones - hjones@coleschotz.com
            J. Michael Pardoe – mpardoe@coleschotz.com

        (ii)    the Bankruptcy Administrator for the Northern District of Alabama:
            Bankruptcy Administrator
            Northern District of Alabama
            1800 Fifth Avenue North
            Birmingham, Alabama 35203
            J. Thomas Corbett - thomas_corbett@alnba.uscourts.gov
            Jon Dudeck – jon_dudeck@alnba.uscourts.gov

        (iii)    counsel to Wells Fargo Bank, National Association, as
            Administrative Agent for the Lender Group:
            King & Spalding LLP
            1180 Peachtree Street, NE Suite 1600

65533/0001-45743165v2

Atlanta, GA 30309
Jeffrey R. Dutson - jdutson@kslaw.com

(iv)   counsel to Burger King Corporate, Inc.:
       Venable LLP
       100 SE 2nd Street, Suite 4400
       Miami, FL 33131
       Paul J. Battista - pjbattista@venable.com

(v)    counsel to any statutory committee[3] appointed in this case;

(vi)   the United States Attorney's Office for the Northern District of
       Alabama;

(vii)  the Internal Revenue Service;

(viii) the office of the Attorney General for the State of Alabama;

(ix)   the Securities and Exchange Commission; and

(x)    any party that has requested notice pursuant to Bankruptcy Rule
       2002.

Via email, if available, otherwise via U.S. mail:

(i)    Any person or entity with a particularized interest relating directly
       to the subject matter of a certain document.

The parties listed above in item (a) shall be collectively referred to as the "Standard Notice Parties." In addition to the Standard Notice Parties, Pleadings shall be served on all persons and entities that have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 and in accordance with the Procedures (the "Rule 2002 List"). The Debtors shall serve on the Standard Notice Parties and the Rule 2002 List notice of any complaint the Debtors may file initiating an adversary proceeding. The Debtors shall serve subsequent Documents within

---

[3] Prior to the appointment of an official unsecured creditors committee, the creditors holding the forty largest unsecured claims against the Debtors' estates on a consolidated basis shall be served as set forth herein. Upon the appointment of an official committee of unsecured creditors, the top forty creditors shall be removed from this service list unless said creditors have filed a notice of appearance and request for service pursuant to the terms herein.

such adversary proceeding only on (i) the parties to the adversary proceeding and (ii) additional parties, if any, that specifically request notice and service of pleadings in the adversary proceeding.

17. <u>Notices of Appearance</u>. Any creditor or party in interest that wishes to receive notice in these Chapter 11 Cases and is not otherwise entitled to notice pursuant to these Procedures must file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an email address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery; and (e) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these Chapter 11 Cases shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a notice of appearance pursuant to Bankruptcy Rule 2002 who does not maintain and cannot practicably obtain an email address, must include in its notice of appearance a certification stating the same.

18. <u>Master Service List</u>. The Debtors shall maintain a master service list including the Standard Notice Parties and the Rule 2002 List (the "<u>Master Service List</u>"). The Master Service List shall contain addresses, facsimile numbers, and email addresses, if available. The Debtors shall use reasonable efforts to update the Master Service List on a periodic basis and file any updates through the Court's electronic filing system. The Debtors shall also indicate each party on the Master Service List that receives notice through the Court's electronic filing system (each an "<u>ECF Party</u>" and, together, the "<u>ECF Parties</u>").

65533/0001-45743165v2

19.    <u>Service by Electronic Mail</u>. Except as otherwise provided herein, all Documents, other than a summons and complaint in an adversary proceeding or Documents filed under seal, shall be served by email on the parties identified in the Master Service List in accordance with the Procedures. Separate service by email or otherwise shall not be required on an ECF Party. All Documents served by email shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be attached to an email (because of its size, technical difficulties, or otherwise), the serving party may, in its sole discretion, (a) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, or (b) email the party being served and include a notation that the Document cannot be attached and will be mailed only if specifically requested. Service by email shall be effective as of the date the Document is sent by email to the address provided by a party. When a party serves Documents by email, such party shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail. Except as otherwise provided herein, email service shall satisfy the Court's rules for service.

20.    <u>Alternative Methods of Service</u>. If a party entitled to notice of a Pleading does not have an email address or if the email address of a party is not available, that party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery (the choice being in the serving party's sole discretion).

21.    <u>Service of Objections to Proofs of Claim</u>. Notwithstanding and in addition to service under these Procedures and Bankruptcy Rules 3007, 7004, and 9014, notice and service

65533/0001-45743165v2

of an Objection to the allowance of a claim is sufficient if served on the name and address listed in the proof of claim as the name and address where notices should be sent.

22. <u>Confidentiality</u>. Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case. Nothing herein shall excuse the Debtors or any person or entity filing a document with the Court from complying with Bankruptcy Rule 9037.

23. <u>Certificate of Service</u>. Any Certificate of Service shall comply with Local Rule 9013-3 and shall certify that notice is given in accordance with the Order.

24. <u>Certain Bankruptcy Rules Preserved</u>. The proceedings with respect to which notice will be limited to the Master Service List shall include all matters covered by Bankruptcy Rules 2002, 4001(c), and 6006(c) and Sections 327 and 1121(d) of the Bankruptcy Code, with the express exception of the following: (a) notice of (i) the first meeting of creditors pursuant to section 341 of the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization, and (iv) a proposed use, sale, or lease of property of the estates other than in the ordinary course of business; and (b) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.  The Debtor shall be authorized, but not required, to schedule omnibus hearing dates with the Court.

65533/0001-45743165v2

**B. Hearings and Related Procedural Matters.**

25. <u>Hearings</u>. Unless otherwise ordered by the Court (including herein), all Pleadings shall be noticed for hearing on the Court's next Chapter 11 hearing date that is at least 21 days after such Pleading is filed and notice thereof is served on the appropriate parties.

26. <u>Objection Deadlines</u>. Except as otherwise provided herein, the deadline to file an Objection (the "<u>Objection Deadline</u>") to any Pleading shall be (a) 4:00 p.m. Central Time on the date that is seven (7) calendar days before the applicable hearing date in the case of a Pleading filed 21 or more days before the applicable hearing date, or (b) 4:00 p.m. Central Time on the date that is three calendar days before the applicable hearing date in the case of a Pleading filed less than 21 days before the applicable hearing date. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely filed unless it is both filed with the Court and received by the Master Service List on or before the applicable Objection Deadline.

27. <u>Deadline for Filing Reply</u>. Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon prevailing Central Time on the day that is one business day before the date of the hearing.

28. <u>Automatic Relief Provision Inapplicable</u>. Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code and shall be deemed to

65533/0001-45743165v2

have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

**C.     Notice of First Day Filings.**

29.     <u>First Day Notice Parties</u>. Other than service of the petition for each respective Debtor, which the Debtors shall serve on all parties listed on the Creditors Matrix, the Debtors will serve all First Day Filings[4] and any subsequent filings in conjunction therewith, on all Standard Notice Parties, the 2002 List, the 40 Largest Unsecured Creditors, and counsel to the agent under the Debtors' prepetition Credit Agreement (collectively, the "<u>First Day Notice Parties</u>").

30.     <u>Procedures Still Apply</u>. Service by the Debtors on First Day Notice Parties shall not alter any of these Procedures for all subsequent filings and shall not require any party responding to any First Day Filings to provide notice to First Day Notice Parties.

<u>**BEST INTERESTS OF THE ESTATES**</u>

31.     Approval of the Procedures is in the best interests of the Debtors, their estates, and their creditors. In addition to the discharge of their ordinary duties, the Debtors' personnel now carry the additional burdens imposed by the commencement of the Chapter 11 Cases. The Procedures, by authorizing the Debtors to schedule omnibus hearing dates and by establishing clear timelines for the filing of requests for relief, will assist the Debtors' CRO in organizing the Debtors' time and directing the attention of their personnel to issues raised in these Chapter 11 Cases. It will also reduce the cost of administration of this case.

---

[4] The term "<u>First Day Filings</u>" shall mean all filings listed in the Emergency Motion of the Debtors and Debtors-in-Possession to Set Expedited Hearing on First Day Motions to be heard on an expedited basis, including this Motion.

65533/0001-45743165v2

## NOTICE

32.     The Debtors will provide notice of this Motion to: (a) the Office of the Bankruptcy Administrator for the Northern District of Alabama; (b) the holders of the forty (40) largest unsecured claims against the Debtors on a consolidated basis (c) counsel to BKCI; (d) counsel to Wells Fargo Bank, National Association, as Administrative Agent for the Lender Group; (e) the United States Attorney's Office for the Northern District of Alabama; (f) the Internal Revenue Service; (g) the office of the Attorney General for the State of Alabama; (h) the Securities and Exchange Commission; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein, and such other and further relief as the Court deems just and proper.

65533/0001-45743165v2

Dated: October 25, 2023
Birmingham, Alabama

/s/   *Jesse S. Vogtle, Jr.*

Jesse S. Vogtle, Jr.
Eric T. Ray
HOLLAND & KNIGHT LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 226-5700
Facsimile: (205) 214-8787
jesse.vogtle@hklaw.com
etray@hklaw.com


*-and-*

COLE  SCHOTZ P.C.

Gary H. Leibowitz*
Irving E. Walker*
H.C. Jones III*
J. Michael Pardoe*
COLE SCHOTZ PC
1201 Wills Street, Suite 320
Baltimore, MD 21231
(410) 230-0660
(410) 230-0667
gleibowitz@coleschotz.com
iwalker@coleschotz.com
hjones@coleschotz.com
mpardoe@coleschotz.com

*Proposed Attorneys for the Debtors and Debtors-in-Possession*

*\*pro hac vice admissions pending*

13

65533/0001-45743165v2

**EXHIBIT A**
**Proposed Order**

65533/0001-45743165v2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | (Chapter 11) |
| PREMIER KINGS, Inc., *et al.*[1] | Case No. 23-02871 (TOM) |
| Debtors. | |

## ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED LIST OF UNSECURED CREDITORS FOR GIVING NOTICE IN LIEU OF SUBMITTING A SEPARATE LIST FOR EACH DEBTOR, (II) AUTHORIZING THE DEBTORS TO IMPLEMENT CERTAIN NOTICE AND CASE MANAGEMENT PROCEDURES, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned Debtors for entry of an order (this "Order") (i) authorizing the debtors to file a consolidated list of unsecured creditors for giving notice in lieu of submitting separate lists for each debtor, (ii) authorizing the debtors to implement certain notice and case management procedures (the "Procedures"), and (iii) granting related relief"), all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Premier Kings, Inc. (3932); Premier Kings of Georgia, Inc. (9797); and Premier Kings of North Alabama, LLC (9282). The Debtors' address is 7078 Peachtree Industrial Blvd., Suite #800, Peachtree Corners, GA 30071. The Debtors have filed a motion for joint administration with the Court.

[2] Capitalized terms shall have the same meanings as defined in the Motion unless otherwise defined herein.

hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The Debtors are authorized to file a consolidated Top 40 List.

3.    The Debtors shall serve a copy of this Order on the Master Service List within three business days.

4.    The following Procedures are approved and shall govern all aspects of these chapter 11 cases, except as otherwise ordered by the Court:

**I.    Filing and Notification Procedures.**

5.    <u>Filing</u>. All documents shall be filed electronically with the Court on the docket of *In re Premier Kings, Inc.*, Chapter 11, Case No. 23-02871 (TOM), pursuant to Local Rule 5005-4. The documents shall be noticed in accordance with the Procedures set forth below.

6.    <u>Limited Notice/Entities to be Served</u>. All Documents shall be served, in the manner described below, on:

a.    Via email, if available, otherwise via facsimile or U.S. mail:

(i)    proposed counsel to the Debtors:

Holland & Knight LLP
1901 Sixth Avenue N, Suite 1400
Birmingham, Alabama 35203
Jesse S. Vogtle, Jr. - jesse.vogtle@hklaw.com
Eric T. Ray - etray@hklaw.com

2

*-and-*

Cole Schotz P.C.
1201 Wills Street, Suite 320
Baltimore, MD 21232
Gary H. Leibowitz - gleibowitz@coleschotz.com
Irving E. Walker - iwalker@coleschotz.com
H.C. Jones - hjones@coleschotz.com
J. Michael Pardoe - mpardoe@coleschotz.com

(ii)    the Bankruptcy Administrator for the Northern District of Alabama:
Bankruptcy Administrator
Northern District of Alabama
1800 Fifth Avenue North
Birmingham, Alabama 35203
J. Thomas Corbett - thomas_corbett@alnba.uscourts.gov
Jon Dudeck – jon_dudeck@alnba.uscourts.gov

(iii)    counsel to Wells Fargo Bank, National Association, as Administrative Agent for the Lender Group:
King & Spalding LLP
1180 Peachtree Street, NE Suite 1600
Atlanta, GA 30309
Jeffrey R. Dutson - jdutson@kslaw.com

(iv)    counsel to Burger King Corporate, Inc.:
Venable LLP
100 SE 2nd Street, Suite 4400
Miami, FL 33131
Paul J. Battista - pjbattista@venable.com

(v)    counsel to any statutory committee[3] appointed in this case;

(vi)    the United States Attorney's Office for the Northern District of Alabama;

(vii)    the Internal Revenue Service;

(viii)    the office of the Attorney General for the State of Alabama;

---

[3] Prior to the appointment of an official unsecured creditors committee, the creditors holding the forty largest unsecured claims against the Debtors' estates on a consolidated basis shall be served as set forth herein. Upon the appointment of an official committee of unsecured creditors, the top forty creditors shall be removed from this service list unless said creditors have filed a notice of appearance and request for service pursuant to the terms herein.

3

(ix)    the Securities and Exchange Commission; and

(x)    any party that has requested notice pursuant to Bankruptcy Rule 2002.

Via email, if available, otherwise via U.S. mail:

(i)    Any person or entity with a particularized interest relating directly to the subject matter of a certain document.

The parties listed above in item (a) shall be collectively referred to as the "Standard Notice Parties." In addition to the Standard Notice Parties, Pleadings shall be served on all persons and entities that have formally appeared and requested service in this case pursuant to Bankruptcy Rule 2002 and the procedures set forth below (the "Rule 2002 List") in accordance with the Procedures set forth herein. The Debtors shall serve on the Standard Notice Parties notice of any complaint the Debtors may file initiating an adversary proceeding. The Debtors shall serve subsequent Documents within such adversary proceeding only on (i) the parties to the adversary proceeding and (ii) additional parties, if any, that specifically request notice and service of pleadings in the adversary proceeding.

7.    Notices of Appearance. Any creditor or party in interest that wishes to receive notice in the Chapter 11 Cases and is not otherwise entitled to notice pursuant to these Procedures must file a notice of appearance and request for service of papers in accordance with Bankruptcy Rules 2002 and 9010(b). The request shall include the following: (a) the party's name and address; (b) the name of the client, if applicable; (c) an email address at which the requesting party may be served; (d) an address by which the requesting party may be served by U.S. mail, hand delivery, and overnight delivery; and (e) a facsimile number for the requesting party. Notwithstanding Bankruptcy Rules 2002 and 9010(b), no request for service filed in these Chapter 11 Cases shall have any effect unless the foregoing requirements are satisfied. Any individual or entity filing a

4

notice of appearance pursuant to Bankruptcy Rule 2002 who does not maintain and cannot practicably obtain an email address, must include in its notice of appearance a certification stating the same.

8.     Master Service List. The Debtors shall maintain a master service list including the Standard Notice Parties and the Rule 2002 List (the "Master Service List"). The Master Service List shall contain addresses, facsimile numbers, and email addresses, if available. The Debtors shall use reasonable efforts to update the Master Service List on a periodic basis and file any updates through the Court's electronic filing system. The Debtors shall also indicate each party on the Master Service List that receives notice through the Court's electronic filing system (each an "ECF Party" and, together, the "ECF Parties").

9.     Service by Electronic Mail. Except as otherwise provided herein, all Documents, other than a summons and complaint in an adversary proceeding or Documents filed under seal, shall be served by email on the parties identified in the Master Service List in accordance with the Procedures. Separate service by email or otherwise shall not be required on an ECF Party. All Documents served by email shall include access to an attached file containing the entire Document, including, as may be applicable, the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, in ".pdf" format, readable by Adobe Acrobat or an equivalent program. Notwithstanding the foregoing, if a Document cannot be attached to an email (because of its size, technical difficulties, or otherwise), the serving party may, in its sole discretion, (a) serve the entire Document by U.S. mail or overnight delivery, including the proposed form(s) of orders and any exhibits, attachments, and other relevant materials, or (b) email the party being served and include a notation that the Document cannot be attached and will be mailed only if specifically requested. Service by email shall be effective as of the date the Document is sent by email to the address

5

provided by a party. When a party serves Documents by email, such party shall not be required to serve a paper copy of Documents on interested parties by fax or regular mail. Except as otherwise provided herein, email service shall satisfy the Court's rules for service.

10. <u>Alternative Methods of Service</u>. If a party entitled to notice of a Pleading does not have an email address or if the email address of a party is not available, that party shall be served by U.S. mail, overnight delivery, facsimile, or hand delivery (the choice being in the serving party's sole discretion).

11. <u>Service of Objections to Proofs of Claim</u>. Notwithstanding and in addition to service under these Procedures and Bankruptcy Rules 3007, 7004, and 9014, notice and service of an Objection to the allowance of a claim is sufficient if served on the name and address listed in the proof of claim as the name and address where notices should be sent.

12. <u>Confidentiality</u>. Nothing in these Procedures shall prejudice the right of any party to move the Court to request relief under Section 107(b) of the Bankruptcy Code to protect any entity with respect to a trade secret or confidential research, development, or commercial information or to protect a person with respect to scandalous or defamatory matter contained in a Document filed in this case. Nothing herein shall excuse the Debtors or any person or entity filing a document with the Court from complying with Bankruptcy Rule 9037.

13. <u>Certificate of Service</u>. Any Certificate of Service shall comply with Local Rule 9013-3 and shall certify that notice is given in accordance with this Order.

14. <u>Certain Bankruptcy Rules Preserved</u>. The proceedings with respect to which notice will be limited to the Master Service List shall include all matters covered by Bankruptcy Rules 2002, 4001(c), and 6006(c) and sections 327 and 1121(d) of the Bankruptcy Code, with the express exception of the following: (a) notice of (i) the first meeting of creditors pursuant to Section 341 of

6

the Bankruptcy Code, (ii) the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), (iii) the time fixed for filing objections to, and the hearings to consider, approval of a disclosure statement and confirmation of a plan of reorganization, and (iv) a proposed use, sale, or lease of property of the estates other than in the ordinary course of business; and (b) notice and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing matters shall be given to all parties in interest in accordance with Bankruptcy Rule 2002, unless the Court orders, or the Bankruptcy Code prescribes, otherwise.

## II. Hearings and Related Procedural Matters.

15.     Hearings. Unless otherwise ordered by the Court (including herein), all Pleadings shall be noticed for hearing on the Court's next Chapter 11 hearing date that is at least 21 days after such Pleading is filed and notice thereof is served on the appropriate parties. The Debtors are authorized, but not required, to schedule omnibus hearing dates with the Court.

16.     Objection Deadlines. Except as otherwise provided herein, the deadline to file an Objection (the "Objection Deadline") to any Pleading shall be (a) 4:00 p.m. Central Time on the date that is seven (7) calendar days before the applicable hearing date in the case of a Pleading filed 21 or more days before the applicable hearing date or (b) 4:00 p.m. Central Time on the date that is three calendar days before the applicable hearing date in the case of a Pleading filed less than 21 days before the applicable hearing date. The Objection Deadline may be extended with the consent of the movant or applicant. The Objection will not be considered timely filed unless it is both filed with the Court and received by the Master Service List on or before the applicable Objection Deadline.

17.     Deadline for Filing Reply. Unless otherwise ordered by the Court, a reply to an Objection shall be filed with the Court and served in accordance with these Procedures on or before 12:00 noon prevailing Central Time on the day that is one business day before the date of the hearing.

7

18.     <u>Automatic Relief Provision Inapplicable</u>. Notwithstanding section 362(e) of the Bankruptcy Code, if a motion with respect to a request for relief under section 362(d) of the Bankruptcy Code is scheduled for a date that is on or after the thirtieth day after the moving party's request for relief was made, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under section 362(d) of the Bankruptcy Code and shall be deemed to have waived its right to assert the termination of the automatic stay under section 362(e) of the Bankruptcy Code.

## III.    Notice of First Day Filings

19.     <u>First Day Notice Parties</u>. Other than service of the petition for the Debtors, which the Debtors shall serve on all parties listed on the Creditors Matrix, the Debtors are authorized, but not required, to serve all First Day Filings [4] and any subsequent filings in conjunction therewith, on all Standard Parties, the 2002 List, the 40 Largest Unsecured Creditors, all of Debtors' other secured creditors, and all equipment and real property lessors (collectively, the "<u>First Day Notice Parties</u>").

20.     <u>Procedures Still Apply</u>. Service by the Debtors on First Day Notice Parties shall not alter any of these Procedures for all subsequent filings and shall not require any party responding to any First Day Filings to provide notice to First Day Notice Parties.

21.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rule 6004(a) are satisfied by such notice.

---

[4] The term "<u>First Day Filings</u>" shall mean all filings listed in the Emergency Motion of the Debtors and Debtors-in-Possession to Set Expedited Hearing on First Day Motions to be heard on an expedited basis, including this Motion.

22.　　　The terms and conditions of this Order are immediately effective and enforceable upon its entry.

23.　　　The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

24.　　　This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.


Dated: _____, 2023
　　　　Birmingham, Alabama


　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE