**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | (Chapter 11) |
| PREMIER KINGS, INC., *et al.*,[1] | Case No. 23-02871-TOM |
| Debtors. | Joint Administration Requested |

### DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Premier Kings, Inc., and its debtor affiliates, as debtors and debtors-in-possession (each a "Debtor" and, collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), by their undersigned proposed counsel, files this application (this "Application") pursuant to sections 327(a), 328(a), and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2016-1 for the United States Bankruptcy Court for the Northern District of Alabama (the "Local Rules"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Debtors to retain and employ Cole Schotz P.C. ("Cole Schotz") as their attorneys effective as of the Petition Date (as defined below). In support of this Application, the Debtors rely upon and incorporate by reference the *Declaration of Gary H. Leibowitz in Support of the Debtors' Application to Retain Cole Schotz P.C. as Counsel for the Debtors and Debtors in Possession Effective as of the*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are:  Premier Kings, Inc. (3932); Premier Kings of GA, Inc. (9797); and Premier Kings of North Alabama, LLC (9282).  The Debtors' address is 7078 Peachtree Industrial Blvd., Suite #800, Peachtree Corners, GA 30071.  The Debtors have filed a motion for joint administration with the Court.

*Petition Date* (the "Leibowitz Declaration"), a copy of which is attached to this Application as **Exhibit B**. In further support of this Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the Northern District of Alabama (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended July 17, 1984. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Rule 1073-1.

2. The bases for the relief sought herein are sections 327(a), 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2016-1.

## BACKGROUND

### I. Introduction.

3. On October 25, 2023 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code, thus commencing these Chapter 11 Cases.

4. The Debtors continue to manage and operate their businesses as a debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee, examiner, or official committee has been appointed in these Chapter 11 Cases. Detailed information addressing the Debtors' businesses, their finances, and the circumstances leading to the filing of these Chapter 11 Cases is contained in the *Declaration of David M. Baker in Support of First-Day Motions* [Doc. No. 20] (the "First Day Declaration").

2

## RELIEF REQUESTED

6.　　Through this Application, the Debtors seek entry of an order authorizing the retention and employment of Cole Schotz as their attorneys, in accordance with the terms and conditions set forth herein.

## Cole Schotz's Qualifications

7.　　Cole Schotz is well qualified to represent the Debtors in these Chapter 11 Cases. Cole Schotz is a national firm with over 170 attorneys in offices located in New Jersey, Delaware, Texas, New York, Maryland, and Florida. Cole Schotz has extensive expertise and experience in virtually all aspects of the law that may arise in these Chapter 11 Cases, including substantial experience in the fields of bankruptcy and restructuring, corporate, employment, environmental, finance, intellectual property, litigation, real estate, securities, and tax.

8.　　The attorneys in Cole Schotz's Bankruptcy and Corporate Restructuring Group have significant experience representing debtors in large and complex cases under the Bankruptcy Code. In past years, Cole Schotz has represented the debtors, committees, or primary creditors in the following chapter 11 cases, among others:

- **Counsel for Debtor(s):**

  - In re Premier Cajun Kings, LLC (in Alabama);
  - In re Tessemae's LLC;
  - In re Modell's Sporting Goods;
  - In re True Religion Apparel, Inc.;
  - In re Western Maryland Transport, Inc.;
  - In re Saturn Corp.;
  - In re Ritz Camera Centers;
  - In re Gemcraft Homes;
  - In re Frank Parsons, Inc.;
  - In re Owens Corning.

- **Counsel to Creditors' Committee:**

  - In re Rita Restaurant Group Corp.;
  - In re Ignite Restaurant Group, Inc.;

65533/0001-45673580v2

- o In re Think Finance, LLC;
- o In re Purdue Pharma;
- o In re Class Communities Corp.;
- o In re Tri-State Trucking Company;
- o In re Edge Pennsylvania;
- o In re Peak Resorts, Inc.;
- o In re D.C. Development, LLC;
- o In re Federated Sports & Gaming, Inc.;
- o In re Game Trading Technologies.

- **Individual Creditors in Restaurant Cases:**

  - o In re Almost Heaven Ribs, Inc.
  - o In re AmeriKing;
  - o In re Omni Restaurant Group, Inc. (Burger King franchisee);
  - o In re Sydran Group (Burger King franchisee).

9.     Given Cole Schotz's breadth of experience in large bankruptcy matters and many areas of expertise, Cole Schotz is well qualified to represent the Debtors in these Chapter 11 Cases.

10.     In addition to the foregoing, Cole Schotz has been providing the Debtors with a wide array of legal services in connection with the Debtors' restructuring and reorganization efforts.

11.     Cole Schotz's professionals have worked closely with the Debtors' management and other professionals with regard to these matters and have become well-acquainted with the Debtors' corporate history, structure, business operations, and the background leading to these Chapter 11 Cases.

12.     As a result, Cole Schotz has developed relevant experience and expertise regarding the Debtors that will assist in providing effective and efficient services in these Chapter 11 Cases.

## Services to Be Provided

13.     Subject to further order of this Court, the Debtors request the retention and employment of Cole Schotz to render the following legal services:

a)      advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of the Debtors' businesses and property;

b)      advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in cases under chapter 11 of the Bankruptcy Code;

c)      attending meetings and negotiating with representatives of creditors and other parties in interest;

d)      taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action(s) commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e)      preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f)      representing the Debtors in connection with obtaining authority to continue using cash collateral and obtaining postpetition financing;

g)      advising the Debtors in connection with any potential sale of assets;

h)      appearing before this Court and any appellate courts to represent the interests of the Debtors' estates;

i)      advising the Debtors regarding tax matters;

j)      taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related to the foregoing; and,

k)      performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection of the same; (ii) analyzing the validity of liens against the Debtors or their estates; and (iii) advising the Debtors on corporate and litigation matters.

## Professional Compensation

14.     Cole Schotz intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

15.     The hourly rates and corresponding rate structure Cole Schotz will use in these Chapter 11 Cases are the same as the hourly rates and corresponding rate structure that Cole Schotz uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

16.     These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

17.     Cole Schotz operates in a national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer; his or her area of specialization; the firm's expertise, performance, and reputation; the nature of the work involved; and other factors.

18.     Cole Schotz's current hourly rates (the "Current Hourly Rates") for matters related to the Debtors' restructuring and these Chapter 11 Cases are as follows:

| Professional Level | Hourly Rate Range |
|---|---|
| Members | $575 - $1,475 |
| Special Counsel | $620 - $750 |
| Associates | $375 - $685 |
| Paralegals | $260 - $440 |
| Litigation Support Specialists | $405 - $510 |

6

19.     Cole Schotz's hourly rates are set at a level designed to compensate Cole Schotz fairly for the work of its professionals and paraprofessionals and to cover fixed and routine expenses. The hourly rates charged by Cole Schotz vary with experience and seniority of the individuals providing services. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

20.     The above hourly rates are consistent with the rates Cole Schotz charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

21.     The rate structure provided by Cole Schotz is appropriate and not significantly different from (a) the rates Cole Schotz charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work similar to the work Cole Schotz proposed to perform in these Chapter 11 Cases.

22.     In addition, Cole Schotz maintains a policy of charging its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client.

23.     Cole Schotz only charges its clients the amount actually incurred by Cole Schotz in connection with such items.

24.     Examples of items Cole Schotz charges to clients include, but are not limited to, postage (including overnight mail), transportation, overtime expenses, computer assisted legal research, photocopies, and travel expenses (e.g., airfare, meals, and lodging).

**Compensation Received by Cole Schotz From the Debtors**

25.     The Debtors entered into an engagement letter agreement executed on September 5, 2023 in favor of Cole Schotz, and the Debtors paid a total of $334,693.38 to Cole Schotz as advance payment retainers for the preparation and filing of the Chapter 11 Cases, consistent with the Alabama Rules of Professional Conduct.  A portion of those retainer funds was applied to

7

prepetition services rendered and expenses incurred in the preparation of the case. Cole Schotz still holds $124,915.36 in retainer.[2]

26.     The expenses incurred by Cole Schotz in connection with its services to the Debtors, as well as the advance payment retainer transferred by the Debtors to Cole Schotz prior to the Petition Date, are also set forth in the Leibowitz Declaration.

27.     Shortly before the Petition Date, Cole Schotz applied a portion of the retainer funds to pay all the accrued and anticipated unpaid fees for services performed and expenses incurred that had not otherwise been paid. Accordingly, Debtors do not owe Cole Schotz any sums for prepetition bankruptcy services.

28.     The unapplied residual retainer, which totals approximately $124,915.36, will be held until the end of these Chapter 11 Cases and applied to Cole Schotz's fees and expenses in these Chapter 11 Cases unless an alternate arrangement is agreed to by the Debtors or ordered by the Court.

29.     Pursuant to Rule 2016(b), Cole Schotz has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with Cole Schotz or (b) any compensation another person or party has received or may receive.

30.     The amount of Cole Schotz's advance payment retainer always exceeded any amounts listed or to be listed on statements describing services rendered and expenses incurred (on a "rates times hours" and "dates of expenses incurred" basis) prior to the Petition Date.

31.     Throughout these Chapter 11 Cases, Cole Schotz will maintain detailed, contemporaneous records of time spent, as well as any actual and necessary expenses incurred, in

---

[2] Cole Schotz began providing legal advice to the Debtors on February 2, 2023 with respect to non-chapter 11 matters, and there are no amounts owed with respect to such services.

connection with the rendering of the legal services described above by category and nature of the services rendered.

32. Notwithstanding the foregoing, Cole Schotz acknowledges its compensation will be subject to approval by this Court.

33. As set forth in the Leibowitz Declaration, Cole Schotz intends to apply to this Court for payment of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of section 330 and section 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of this Court.

34. Cole Schotz has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these Chapter 11 Cases, other than as permitted pursuant to section 504 of the Bankruptcy Code.

35. Cole Schotz also intends to make a reasonable effort to comply with the Bankruptcy Administrator's request for information and additional disclosures, both in connection with this Application and the interim and final fee applications to be filed by Cole Schotz in these Chapter 11 Cases.

36. The Debtors have approved the Cole Schotz attorneys staffed on this engagement, subject to modification depending upon further case developments.

37. The Debtors will review the invoices of their professionals, including the invoices of Cole Schotz. The Debtors are committed to minimizing duplication of services to reduce professional costs, among other things. To that end, Cole Schotz will work closely with all professionals employed by the Debtors to ensure that there is no unnecessary duplication of effort or cost.

## Cole Schotz's Disinterestedness

38.     To the best of the Debtors' knowledge and as disclosed in this Application and the Leibowitz Declaration, (a) Cole Schotz is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates, and (b) Cole Schotz has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the Leibowitz Declaration.

39.     Cole Schotz will review its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.

40.     If any new, relevant facts or relationships are discovered or arise, Cole Schotz will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Rules 2014(a) of the Bankruptcy Rules.

## BASIS FOR RELIEF REQUESTED

41.     Section 327(a) of the Bankruptcy Code provides that a debtor in possession may, with the court's approval, employ professionals that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as defined by section 101(14) of the Bankruptcy Code, to represent or assist the debtor in possession in carrying out its duties under the Bankruptcy Code. See 11 U.S.C. § 101(14). Additionally, section 1107(b) of the Bankruptcy Code provides that a professional is not disqualified for employment by a chapter 11 debtor in possession under section 327(a) of the Bankruptcy Code solely because of its employment by or representation of the debtor before the commencement of the case. See 11 U.S.C. § 1107(b).

42.     Bankruptcy Rule 2014(a) requires that an application for retention include specific facts showing the necessity of the employment, the services to be rendered, and any proposed arrangement for compensation, among other things. Fed. R. Bankr. P. 2014.

65533/0001-45673580v2

43.     The United States Supreme Court's recent decision in <u>Roman Catholic</u> <u>Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano</u> has called into question a court's ability to issue *nunc pro tunc* relief. 140 S. Ct. 696 (2020). However, "neither the Code nor the Rules preclude an award of 'reasonable compensation' or reimbursement for 'actual, necessary expenses' pursuant to section 330 for services rendered prior to an order approving retention of the professional." <u>In re Benitez</u>, Case No. 8-19-70230-reg, 2020 WL 1272258, at *2 (Bankr. E.D.N.Y. March 13, 2020). "Simply stated, a professional must be retained as required by the statute, but once having been retained, the bankruptcy court is free to compensate him for services rendered to the estate at any time, pre and post-court approval, in accordance with section 330 of the Code." <u>Id</u>.

44.     Cole Schotz's services will enable the Debtors to execute faithfully its duties as debtors in possession and are necessary to the successful functioning of these Chapter 11 Cases. Based upon both its extensive experience and expertise, and its prior representation of the Debtors, Cole Schotz is both well qualified and uniquely able to represent the Debtors during these Chapter 11 Cases in an efficient, cost-effective, and timely manner. As stated above, the Debtors do not believe that Cole Schotz holds or represents any interest adverse to the Debtors' estates, and they believe that Cole Schotz is a "disinterested person" under the Bankruptcy Code. Accordingly, the Debtors submit that the retention of Cole Schotz is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

65533/0001-45673580v2

**RESERVATION OF RIGHTS**

12.     Nothing contained in this Application is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' rights to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

13.     Similarly, if this Court grants the relief sought in this Application, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to dispute such claim subsequently.

**NOTICE**

14.     The Debtors will provide notice of this Application either by electronic mail, facsimile, or United States First Class Mail to: (a) the Office of the Bankruptcy Administrator for the Northern District of Alabama; (b) the holders of the twenty (20) largest unsecured claims against each of the Debtors; (c) counsel to BKCI; (d) counsel to Wells Fargo Bank, National Association, as Administrative Agent for the Lender Group; (e) the United States Attorney's Office for the Northern District of Alabama; (f) the Internal Revenue Service; (g) the office of the Attorney General for the State of Alabama; (h) the Securities and Exchange Commission; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, the Debtors respectfully request that the Court grant the relief requested in this Application and such other and further relief as the Court may deem just and proper.

65533/0001-45673580v2

Dated: October 26, 2023
Birmingham, Alabama

/s/ Jesse S. Vogtle, Jr.
Jesse S. Vogtle, Jr.
Eric T. Ray
HOLLAND & KNIGHT LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 226-5700
Facsimile: (205) 214-8787
Jesse.Vogtle@hklaw.com
etray@hklaw.com

*-and-*

COLE SCHOTZ P.C.

Gary H. Leibowitz*
Irving E. Walker*
H.C. Jones III*
J. Michael Pardoe*
COLE SCHOTZ PC
1201 Wills Street, Suite 320
Baltimore, MD 21231
(410) 230-0660
(410) 230-0667
gleibowitz@coleschotz.com
iwalker@coleschotz.com
hjones@coleschotz.com
mpardoe@coleschotz.com

*Proposed Attorneys for the Debtors and Debtors-in-Possession*

*admitted pro hac vice*

13

# **EXHIBIT A**

## **Proposed Order**

|  |  |
|---|---|
| In re: | (Chapter 11) |
| PREMIER KINGS, INC., *et al.*,[1] | Case No. 23-02871-TOM |
| Debtors. | Joint Administration Requested |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT
OF COLE SCHOTZ P.C. AS COUNSEL FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the Application[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (the "Order") authorizing the Debtors to employ Cole Schotz P.C. ("Cole Schotz"), all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended July 17, 1984; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are:  Premier Kings, Inc. (3932); Premier Kings of GA, Inc. (9797); and Premier Kings of North Alabama, LLC (9282).  The Debtors' address is 7078 Peachtree Industrial Blvd., Suite #800, Peachtree Corners, GA 30071.  The Debtors have filed a motion for joint administration with the Court.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court

having determined that the legal and factual bases set forth in the Application and at the Hearing

establish just cause for the relief granted herein; and upon all of the proceedings had before this

Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT, ADJUDGED, AND DECREED THAT:**

1. The Application is **GRANTED** as stated herein.

2. The Debtors are authorized to retain and employ Cole Schotz as their attorneys

effective as of, and retroactive to, the Petition Date in accordance with the terms and conditions

set forth in the Application.

3. Cole Schotz is authorized to provide the Debtors with the professional services as

described in the Application and consistent with its prepetition engagement for the Debtors.

Specifically, but without limitation, Cole Schotz will render the following legal services:

a) advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of the Debtors' businesses and property;

b) advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in cases under chapter 11 of the Bankruptcy Code;

c) attending meetings and negotiating with representatives of creditors and other parties in interest;

d) taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action(s) commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

e) preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

f) representing the Debtors in connection with obtaining authority to continue using cash collateral and obtaining postpetition financing;

g)      advising the Debtors in connection with any potential sale of assets;

h)      appearing before this Court and any appellate courts to represent the interests of the Debtors' estates;

i)      advising the Debtors regarding tax matters;

j)      taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related to the foregoing; and,

k)      performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection of the same; (ii) analyzing the validity of liens against the Debtors or their estates; and (iii) advising the Debtors on corporate and litigation matters.

4.      Cole Schotz shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court.

5.      Notwithstanding anything to the contrary in the Application or the Declaration attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided and fees for defending any objection to Cole Schotz's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

6.      The Bankruptcy Administrator retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

65533/0001-45673580v2

7.  The Debtors and Cole Schotz are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8.  Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9.  To the extent the Application or the Leibowitz Declaration are inconsistent with the Order, the terms of the Order shall govern.

10. The terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of the Order.


Dated: _____, 2023
      Birmingham, Alabama

_____
TAMARA O. MITCHELL
UNITED STATES BANKRUPTCY JUDGE

65533/0001-45673580v2

# EXHIBIT B

**Leibowitz Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | (Chapter 11) |
| PREMIER KINGS, INC., *et al.*,[1] | Case No. 23-02871-TOM |
| Debtors. | Joint Administration Requested |

**DECLARATION OF GARY H. LEIBOWITZ IN SUPPORT OF THE DEBTORS'**
**APPLICATION FOR THE ENTRY OF AN ORDER AUTHORIZING THE RETENTION**
**AND EMPLOYMENT OF COLE SCHOTZ P.C. AS ATTORNEYS FOR THE DEBTORS**
**AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Gary H. Leibowitz, hereby declare and state as follows:

**Foundation**

1.      I am a partner in the law firm of Cole Schotz P.C. ("Cole Schotz"). I am admitted

to practice before the courts of the State of Maryland, United States Court of Appeals for the

Fourth Circuit, and United States District Court for the District of Maryland. I submit this

declaration (the "Declaration"), pursuant to sections 327(a), 328(a), and 329 of Title 11 of the

United States Code (the "Bankruptcy Code"), Rules 2014 and 2016(b) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-1 of the Local Bankruptcy

Rules for the United States Bankruptcy Court for the Northern District of Alabama (the "Local

Rules"), in support of the *Debtors' Application for Entry of an Order Approving the Retention*

*and Employment of Cole Schotz P.C. as Counsel for the Debtors and Debtors in Possession*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Premier Kings, Inc. (3932); Premier Kings of GA, Inc. (9797); and Premier Kings of North Alabama, LLC (9282). The Debtors' address is 7078 Peachtree Industrial Blvd., Suite #800, Peachtree Corners, GA 30071. The Debtors have filed a motion for joint administration with the Court.

65533/0001-45673580v2

*Effective as of the Petition Date* (the "<u>Application</u>").[2] Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein:

2.     Cole Schotz is well qualified to represent the Debtors in these Chapter 11 Cases. Cole Schotz is a national firm with over 170 attorneys in offices located in New Jersey, Delaware, Texas, New York, Maryland, and Florida. Cole Schotz has extensive expertise and experience in virtually all aspects of the law that may arise in these Chapter 11 Cases, including substantial experience in the fields of bankruptcy and restructuring, corporate, employment, environmental, finance, intellectual property, litigation, real estate, securities, and tax.

3.     The attorneys in Cole Schotz's Bankruptcy and Corporate Restructuring Group have significant experience representing debtors in large and complex cases under the Bankruptcy Code. In past years, Cole Schotz has represented the debtors, committees, or primary creditors in the following chapter 11 cases:

- **<u>Counsel for Debtor(s):</u>**

  - In re Premier Cajun Kings, LLC;
  - In re Tessemae's LLC;
  - In re Modell's Sporting Goods;
  - In re True Religion Apparel, Inc.;
  - In re Western Maryland Transport, Inc.;
  - In re Saturn Corp.;
  - In re Ritz Camera Centers;
  - In re Gemcraft Homes;
  - In re Frank Parsons, Inc.;
  - In re Owens Corning.

- **<u>Counsel to Creditors' Committee:</u>**

  - In re Rita Restaurant Group Corp.;
  - In re Ignite Restaurant Group, Inc.;
  - In re Think Finance, LLC;
  - In re Purdue Pharma;
  - In re Class Communities Corp.;

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Application.

65533/0001-45673580v2

- o In re Tri-State Trucking Company;
- o In re Edge Pennsylvania;
- o In re Peak Resorts, Inc.;
- o In re D.C. Development, LLC;
- o In re Federated Sports & Gaming, Inc.;
- o In re Game Trading Technologies.

- **Individual Creditors in Restaurant Cases:**

  - o In re Almost Heaven Ribs, Inc.;
  - o In re AmeriKing;
  - o In re Omni Restaurant Group, Inc. (Burger King Franchisee);
  - o In re Sydran Group (Burger King Franchisee).

4.       Given Cole Schotz's breadth of experience in large bankruptcy matters as well as Cole Schotz's expansive areas of expertise, Cole Schotz is well qualified to represent the Debtors in these Chapter 11 Cases.

5.       On September 5, 2023 (the "Bankruptcy Retention Date"), the Debtors executed an engagement letter with Cole Schotz for the preparation and filing of a chapter 11.

6.       Prior to the Bankruptcy Retention Date, Cole Schotz provided the Debtors with a wide array of legal services in connection with its business affairs, capital structure and contingency planning. Cole Schotz's professionals have worked closely with the Debtors' management and other professionals with regard to these matters and, given both past representations and recent work, Cole Schotz is well-acquainted with the Debtors' corporate history, structure, business operations, and the background that has led the Debtors to file these Chapter 11 Cases. As a result, Cole Schotz has developed relevant experience and expertise regarding the Debtors that will assist it in providing effective and efficient services in these Chapter 11 Cases.

## Services to be Provided

7.      The Debtors seek to employ Cole Schotz on an hourly basis to act as the Debtors'

general bankruptcy and restructuring counsel in these Chapter 11 Cases and in matters that arise

with respect thereto or to the Debtors and to provide the Debtors with general legal services in

other areas, including, without limitation, legal services relating to the operation of the Debtors'

businesses, securities laws, tax, and corporate governance. In particular, the Debtors anticipate

that Cole Schotz will render, among others, the following professional services:

     a)     advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of the Debtors' businesses and property;

     b)     advising and consulting on the conduct of these Chapter 11 Cases, including all of the legal and administrative requirements of operating in cases under chapter 11 of the Bankruptcy Code;

     c)     attending meetings and negotiating with representatives of creditors and other parties in interest;

     d)     taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action(s) commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

     e)     preparing pleadings in connection with these Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

     f)     representing the Debtors in connection with obtaining authority to continue using cash collateral and obtaining postpetition financing;

     g)     advising the Debtors in connection with any potential sale of assets;

     h)     appearing before this Court and any appellate courts to represent the interests of the Debtors' estates;

     i)     advising the Debtors regarding tax matters;

     j)     taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related to the foregoing; and,

> k) performing all other necessary legal services for the Debtors in connection with the prosecution of these Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection of the same; (ii) analyzing the validity of liens against the Debtors or their estates; and (iii) advising the Debtors on corporate and litigation matters.

8. The Debtors require knowledgeable counsel to provide these essential professional services. Cole Schotz has stated its desire and willingness to act in these Chapter 11 Cases and provide the necessary services as attorneys for the Debtors. As noted above, Cole Schotz has substantial expertise in all of these areas and has gained valuable knowledge of the Debtors' businesses and financial affairs as a result of its prepetition representation of the Debtors. For all of these reasons, Cole Schotz is both well qualified and uniquely able to represent the Debtors' interests in these Chapter 11 Cases.

### **Prepetition Payments to Cole Schotz**

9. The Debtors entered into an engagement letter agreement executed on September 5, 2023 in favor of Cole Schotz, and the Debtors paid a total of $334,693.38 to Cole Schotz as advance payment retainers for the preparation and filing of the Chapter 11 Cases, consistent with the Alabama Rules of Professional Conduct. A portion of those retainer funds was applied to prepetition services rendered and expenses incurred in the preparation of the case. Cole Schotz still holds $124,915.36 in retainer.[3]

10. Shortly before the Petition Date, Cole Schotz applied a portion of the retainer funds to pay all then accrued and anticipated unpaid fees for services performed and expenses incurred that had not otherwise been paid. Accordingly, Debtors do not owe Cole Schotz any sums for prepetition bankruptcy services.

---

[3] Cole Schotz began providing legal advice to the Debtors on February 2, 2023 with respect to non-bankruptcy matters, and there are no amounts owed with respect to such services.

11.     The unapplied residual retainer, which totals approximately $124,915.36, will be held until the end of these Chapter 11 Cases and applied to Cole Schotz's fees and expenses in these Chapter 11 Cases unless an alternate arrangement is agreed to by the Debtors or ordered by the Court.

**Cole Schotz's Fees for Services to be Rendered in Connection with these Chapter 11 Cases**

12.     Except as described herein and subject to the Court's approval, Cole Schotz intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

13.     Cole Schotz's current hourly rates for matters related to these Chapter 11 Cases are as follows:

| Professional Level | Hourly Rate Range |
| --- | --- |
| Members | $575 - $1,475 |
| Special Counsel | $620 - $750 |
| Associates | $375 - $685 |
| Paralegals | $260 - $440 |
| Litigation Support Specialists | $405 - $510 |

14.     Cole Schotz's hourly rates are set at a level designed to compensate Cole Schotz fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. Cole Schotz has represented the Debtors during the period before the Petition Date using the hourly rates listed above. These hourly rates are consistent with the rates that Cole Schotz charges other nonbankruptcy and chapter 11 clients, regardless of the location of the chapter 11 case. Moreover, the rate structure is appropriate and not significantly different from (a) the rates Cole Schotz charges for other similar types of representations or (b) the rates that other comparable

6

counsel would charge to do work substantially similar to the work Cole Schotz will perform in these Chapter 11 Cases.

15. A list of the professionals currently expected to provide services to the Debtors and the current hourly rates for these professionals for 2023 is attached hereto as **Schedule 1**. Other attorneys may also provide services to the Debtors as well, depending on the legal issues facing the Debtors.

16. Cole Schotz will maintain detailed, contemporaneous records of time spent, as well as any actual and necessary expenses incurred, in connection with the rendering of the legal services described above by category and nature of the services rendered. Notwithstanding the foregoing, Cole Schotz acknowledges its compensation will be subject to approval by this Court.

17. Cole Schotz intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of this Court. As specified above, Cole Schotz will hold any retainer balance as security for postpetition services and expenses and will bill the Debtors during the pendency of these Chapter 11 Cases, subject to approval by the Court. Any retainer balance will be applied to Cole Schotz's final fee application, as approved by the Court.

18. Cole Schotz has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these Chapter 11 Cases, other than as permitted pursuant to section 504 of the Bankruptcy Code. Cole Schotz also intends to make a reasonable effort to comply with the Bankruptcy Administrator's requests for information and additional disclosures, both in connection with the Application and the interim and final fee applications to be filed by Cole Schotz in these Chapter 11 Cases.

19.     It is Cole Schotz's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also Cole Schotz's policy to charge its clients only the amount actually incurred by Cole Schotz in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging. In addition, Cole Schotz professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

20.     Any professionals employed by the Debtors have and/or will work under the direction of the Debtors' management. I understand that the Debtors are committed to minimizing duplication of services to reduce professional costs, among other things. To that end, Cole Schotz will work closely with all professionals employed by the Debtors to ensure that there is no unnecessary duplication of effort or cost.

### Cole Schotz's Disinterestedness

21.     To the best of my knowledge, information, and belief, (a) other than its prior representations of the Debtors and its representation in connection with these Chapter 11 Cases, Cole Schotz has no connection with the Debtors except as disclosed herein; (b) Cole Schotz does not represent, and has not represented, any entity other than the Debtors in these Chapter 11 Cases; (c) Cole Schotz does not have any connection with, and has not represented in the past, the Bankruptcy Administrator for the Northern District of Alabama or any person employed by the Bankruptcy Administrator for the Northern District of Alabama; and (d) Cole Schotz does not have any connection with the Debtors' creditors, any other party in interest, or their respective attorneys and accountants, except as set forth below.

22. To check and clear conflicts, and in preparing my declaration, Cole Schotz used a set of procedures that it has developed to ensure compliance with the requirements of the Alabama Rules of Professional Conduct, conflicts rules observed by the Eleventh Circuit Court of Appeals, the Bankruptcy Code, and the Bankruptcy Rules regarding the retention of professionals in a chapter 11 case. Pursuant to these procedures, Cole Schotz performed the following actions to determine whether Cole Schotz or any of its attorneys have any connections with, have in the past represented, or are currently representing potential parties in interest in these Chapter 11 Cases:

a) A list of interested parties (the "Interested Parties")[4] was created using information provided by the Debtors and additional information identified by Cole Schotz. The list of Interested Parties is comprised of the following parties:

    i. Debtors and non-debtor affiliates (including former names and former affiliates);

    ii. shareholders and equity holders;

    iii. officers and directors;

    iv. restructuring professionals;

    v. senior secured lenders;

    vi. land lessors and royalty owners;

    vii. unsecured creditors and vendors;

    viii. parties to pending litigation; and

    ix. insurers, issuers of surety bonds, and premium financing agreement counterparties.

b) Cole Schotz compared each of the Interested Parties to the names that Cole Schotz maintains in its master conflicts database. Cole Schotz's client database includes: (i) the name of each current or former client; (ii) the names of any entities materially related to, or materially adverse to, such current or former client; (iii) the names of the Cole Schotz attorneys responsible for such current or former clients; (iv) the status of the matter as either "active" or "inactive"; and (v) the dates on which the matter was opened and/or closed. Cole Schotz also circulated the list of Interested Parties to its attorneys, who

---

[4] The defined term, Interested Parties, shall include all individuals and entities included in the creditor mailing matrix in addition to those identified in Schedule 2.

were required to disclose any actual or potential conflicts of interest as part of Cole Schotz's normal conflicts screening procedures; and,

c) Any matches between the Interested Parties and the entities in Cole Schotz's client database were identified, reviewed by an attorney, and compiled for purposes of this Declaration. To the extent that Cole Schotz currently represents, or has represented within the last three years, any of the Interested Parties, the identities of such entities are set forth in this Declaration. In determining whether a client is presently represented by Cole Schotz, Cole Schotz attorneys relied on the existence of an "active" notation on the report to reflect current representation. With respect to matters showing as "inactive," Cole Schotz relied on the "close date" to determine whether the representation occurred within the past three years. If an "inactive" matter opened prior to August 2017 showed no "close date," Cole Schotz assumed for purposes of this disclosure that the matter was inactive during the past three years and did not include the client in this Declaration. If an "inactive" matter was opened on or after August 2017 but showed no "close date," the client is included in this Declaration.

23.    Based on its search, Cole Schotz concluded it has no connections with the Interested Parties.[5]

24.    I am confident that our diligence has resulted, to the greatest extent possible, in the disclosure of all potential conflicts. However, despite the efforts described herein to identify and disclose Cole Schotz's connections with parties in interest in these Chapter 11 Cases, I am unable to state with absolute certainty that every client representation or other connection has been disclosed because Cole Schotz is a national law firm with over 170 attorneys in five offices. In this regard, if Cole Schotz discovers additional information that requires disclosure, Cole Schotz will file a supplemental disclosure with the Court. Additionally, to the extent that issues may arise which would cause the Debtors to be adverse to any of Cole Schotz's clients, Cole

---

[5] From time to time, Cole Schotz has represented, and likely will continue to represent, certain creditors of the Debtors and other parties actually or potentially adverse to the Debtors in matters unrelated to these Chapter 11 Cases. As described herein, Cole Schotz has undertaken a detailed search to determine whether it represents or has represented any significant creditors, insiders or other parties in interest in such unrelated matters, and all such known representations within the last three years are described herein. Due to the breadth of Cole Schotz's client base, the firm is not subject to undue influence of any single client.

65533/0001-45673580v2

Schotz will obtain and disclose waivers or, to the extent that it would not be appropriate for Cole Schotz to represent the Debtors with respect to such matters, other counsel employed by the Debtors will represent the Debtors in connection with such matters.

25.     Based upon information available to me at this time, I believe that Cole Schotz is a "disinterested person" pursuant to section 101(14) of the Bankruptcy Code, and that Cole Schotz does not hold or represent an interest adverse to the Debtors or their estates as required by section 327(a) of the Bankruptcy Code. Specifically, I do not believe that the connections between Cole Schotz and the entities listed herein will impair Cole Schotz's ability to represent the Debtors in these Chapter 11 Cases.

26.     No promises have been received by Cole Schotz or any member or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. Other than with members and regular associates of the firm, Cole Schotz has no agreement with any other entity to share with such entity any compensation received by Cole Schotz.

27.     I state as follows:

    a)    Cole Schotz has not agreed to a variation of its standard or customary billing arrangements for this engagement;

    b)    None of Cole Schotz's professionals included in this engagement have varied their rate based on the geographic location of these Chapter 11 Cases;

    c)    Cole Schotz was retained to be Debtors' counsel by the Debtors pursuant to an engagement letter dated as of September 5, 2023. The material terms of the prepetition engagement are the same as the terms described in the Application and herein, and the billing rates have not changed other than periodic annual increases as provided in the engagement letter and explained in the Application; and,

    d)    The Debtors have approved or will be approving a prospective budget and staffing plan for Cole Schotz's engagement for the postpetition period as appropriate. The budget may be amended as necessary to reflect changed or unanticipated developments.

65533/0001-45673580v2

28.    The foregoing constitutes the statement of Cole Schotz pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 26, 2023

*/s/ Gary H. Leibowitz*
Gary H. Leibowitz

## **SCHEDULE 1**

Cole Schotz Professionals to be Employed in Connection with these Chapter 11 Cases:

| Name | Title | Hourly Rate |
|------|-------|-------------|
| Gary H. Leibowitz | Partner | $795.00 |
| Irving E. Walker | Partner | $795.00 |
| Stacy Newman | Partner | $725.00 |
| H.C. Jones, III | Associate | $540.00 |
| Andreas Milliaressis | Associate | $575.00 |
| J. Michael Pardoe | Associate | $495.00 |
| Pauline Ratkowiak | Paralegal | $385.00 |

65533/0001-45673580v2