## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| PREMIER KINGS, INC.,[1] | ) | |
| | ) | Case No. 23-02871 (TOM) |
| Debtors. | ) | Joint Administration Pending |
| | ) | |

## DEBTORS' APPLICATION FOR ENTRY OF AN ORDER APPROVING THE EMPLOYMENT AND RETENTION OF HOLLAND & KNIGHT LLP AS COUNSEL FOR THE DEBTORS AND DEBTORS IN POSSESSION EFFECTIVE AS OF THE PETITION DATE

Premier Kings, Inc., and its Debtors affiliates, as Debtors and Debtors in possession (the "Debtors") in the above-captioned Chapter 11 Cases (the "Chapter 11 Cases"), by and through its undersigned proposed counsel, files this application (this "Application") pursuant to sections 327(a), 328(a), and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2016-1 for the United States Bankruptcy Court for the Northern District of Alabama (the "Local Rules"), for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Proposed Order") authorizing the Debtors to retain and employ Holland & Knight LLP ("H&K") as its attorneys effective as of the Petition Date (as defined below). In support of this Application, the Debtors relies upon and incorporates by reference the *Declaration of Jesse S. Vogtle, Jr. in Support of Debtors' Application to Retain Holland & Knight LLP as Counsel for the Debtors and Debtors in Possession Retroactive to the Petition Date* (the "Vogtle Declaration"), a copy of which is

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Premier Kings, Inc. (3932); Premier Kings of Georgia, Inc. (9797); and Premier Kings of North Alabama, LLC (9282). The Debtors' address is 7078 Peachtree Industrial Blvd., Suite #800, Peachtree Corners, GA 30071. The Debtors have filed a motion for joint administration with the Court.

attached to this Application as **Exhibit B**. In further support of this Application, the Debtors respectfully states as follows:

<u>**Jurisdiction and Venue**</u>

1.    The United States Bankruptcy Court for the Northern District of Alabama (the "<u>Court</u>") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended July 17, 1984. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Rule 1073-1.

2.    The bases for the relief sought herein are sections 327(a), 328(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016(b), and Local Rule 2016-1.

<u>**Background**</u>

3.    On October 25, 2023 (the "<u>Petition Date</u>"), the Debtors filed a voluntary petition for relief in this Court pursuant to chapter 11 of the Bankruptcy Code, thus commencing this Chapter 11 Cases.

4.    The Debtors continues to operate its business as Debtors in possession pursuant to sections 1107(a) and 1008 of the Bankruptcy Code.

5.    No trustee, examiner, or official committee has been appointed in this Chapter 11 Cases. Detailed information addressing the Debtors' business, its finances, and the circumstances leading to the filing of this Chapter 11 Cases is contained in the *Declaration of David Baker in Support of Chapter 11 Petition and First Day Motions* (the "<u>First Day Declaration</u>" *Dkt. No. 20*).

**Relief Requested**

6.    Through this Application, the Debtors seek entry of an order authorizing the retention and employment of H&K as its attorneys in accordance with the terms and conditions set forth herein.

**H&K's Qualifications**

7.    H&K is well qualified to represent the Debtors in this Chapter 11 Cases. H&K is a multinational firm with nearly 2,000 attorneys in thirty-five offices located across the country and around the world. H&K has extensive expertise and experience in virtually all aspects of the law that may arise in this Chapter 11 Cases, including substantial expertise in the fields of bankruptcy and restructuring, corporate, employee benefits, environmental, finance, intellectual property, labor and employment, litigation, real estate, securities, and tax.

8.    The attorneys in H&K's Bankruptcy, Restructuring and Creditors' Rights Group have significant experience representing Debtors in large and complex cases under the Bankruptcy Code. In recent years, H&K has represented the Debtors in the Chapter 11 Cases of: (a) *In re Premier Cajun Kings, LLC*, Case No. 23-00656; (b) *In re FM Coal, LLC*, Case No. 20-02783 (Bankr. N.D. Ala.); (c) *In re Roman Catholic Diocese of Harrisburg*, Case No. 20-00599 (Bankr. M.D. Penn.); (d) *In re Walker County Hospital Corporation*, Case No. 19-36300 (Bankr. S.D. Tex.); (e) *In re Promise Healthcare Group, Inc.*, Case No. 18-12491 (Bankr. D. Del.); (f) *In re Little River Healthcare Holdings, LLC,* et al., Case No. 18-60526 (Bankr. W.D. Tex.); (g) *In re Stone Panels, Inc. and Stone Panels Holding Corporation*, No. 16-32856 (Bankr. N.D. Tex); (h) *In re Oxane Materials, Inc.*, No. 15-32940 (Bankr. S.D. Tex.); (i) *In re Ranch 967 LLC*, No. 15-10314 (Bankr. W.D. Tex.); (j) *In re Blue Matrix Labs, LLC*, No. 15-52977 (Bankr. W.D. Tex.); (k) *In re Adilace Holdings, Inc. f/k/a Image Trends, Inc.*,

No. 14-11583 (Bankr. W.D. Tex.); (l) *In re Advanced Living Technologies, Inc.*, No. 13-10313 (Bankr. W.D. Tex.); and (m) *In re Church Street Health Management, LLC*, No. 12-01573 (Bankr. M.D. Tenn.).

9. Given H&K's breadth of experience in large bankruptcy matters as well as H&K's expansive areas of expertise, H&K is well qualified to represent the Debtors in this Chapter 11 Cases.

10. In addition to the foregoing, H&K has been providing the Debtors with a wide array of legal services in connection with the Debtors' restructuring and reorganization efforts.

11. H&K's professionals have worked closely with the Debtors' management and other professionals with regard to these matters and have become well-acquainted with the Debtors' corporate history, structure, business operations, and the background that has led the Debtors to file this Chapter 11 Cases.

12. As a result, H&K has developed relevant experience and expertise regarding the Debtors that will assist H&K in providing effective and efficient services in this Chapter 11 Cases.

<u>**Services to Be Provided**</u>

13. Subject to further order of this Court, the Debtors requests the retention and employment of H&K to render the following legal services:

a.    advising the Debtors with respect to its powers and duties as Debtors in possession in the continued management and operation of the Debtors' business and property;

b. advising and consulting on the conduct of this Chapter 11 Cases, including all of the legal and administrative requirements of operating in a case under chapter 11 of the Bankruptcy Code;

c. attending meetings and negotiating with representatives of creditors and other parties in interest;

d. taking all necessary actions to protect and preserve the Debtors' estate, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estate;

e. preparing pleadings in connection with this Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estate;

f. advising the Debtors in connection with any potential sale of assets;

g. appearing before this Court and any appellate courts to represent the interests of the Debtors' estate;

h. advising the Debtors regarding tax matters;

i. taking any necessary actions on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related to the foregoing; and

j.      performing all other necessary legal services for the Debtors in connection with the prosecution of this Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection of the same; and (ii) advising the Debtors on corporate and litigation matters.

**<u>Professional Compensation</u>**

14. H&K intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Cases, subject to this Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

15. The hourly rates and corresponding rate structure H&K will use in this Chapter 11 Cases are the same as the hourly rates and corresponding rate structure that H&K uses in other restructuring matters, as well as similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.

16. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes, and severe time pressures.

17. H&K operates in a multinational marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer; his or her area of specialization; the firm's expertise, performance, and reputation; the nature of the work involved; and other factors.

18. H&K's current hourly rates for the 2023 calendar year (the "Current Hourly Rates") for matters related to the Debtors' restructuring and this Chapter 11 Cases are as follows:

| Professional Level | Hourly Rate Range |
|---|---|
| Partner | $550-$950 |
| Counsel | $480 - $805 |
| Associate | $370-500 |
| Paralegal | $250 - $350 |

19. H&K's hourly rates are set at a level designed to compensate H&K fairly for the work of its professionals and paraprofessionals and to cover fixed and routine expenses. The hourly rates charged by H&K vary with experience and seniority of the individuals providing services. The hourly rates are subject to periodic adjustments to reflect economic and other conditions.

20. The above hourly rates are consistent with the rates H&K charges other comparable chapter 11 clients, regardless of the location of the Chapter 11 Cases.

21. The rate structure provided by H&K is appropriate and not significantly different from (a) the rates H&K charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work similar to the work H&K proposed to perform in this Chapter 11 Cases.

22. In addition, H&K maintains a policy of charging its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for the representation of that particular client.

23. H&K only charges its clients the amount actually incurred by H&K in connection with such items.

24. Examples of items H&K charges to clients include, but are not limited to, postage (including overnight mail), transportation, overtime expenses, computer assisted legal research, photocopies, and travel expenses (*e.g.*, airfare, meals, and lodging).

## Compensation Received by H&K From the Debtors

25. Per the terms of the engagement letter executed on August 3, 2023, and supplemented on August 9, 2023, by the Debtors in favor of H&K, the Debtors paid Thirty Five Thousand Five Hundred Seventy-Four and 50/100 ($35,574.50) to H&K as an advance payment retainer consistent with the Alabama Rules of Professional Conduct.

26. The expenses incurred by H&K in connection with its services to the Debtors, as well as the advance payment retainer transferred by the Debtors to H&K prior to the Petition Date, are set forth in the Vogtle Declaration.

27. Pursuant to Rule 2016(b), H&K has neither shared nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates, and contract attorneys associated with H&K or (b) any compensation another person or party has received or may receive.

28. As of the Petition Date, the Debtors did not owe H&K any amounts for legal services rendered before the Petition Date.

29. Throughout this Chapter 11 Cases, H&K will maintain detailed, contemporaneous records of time spent, as well as any actual and necessary expenses incurred, in connection with the rendering of the legal services described above by category and nature of the services rendered.

30. Notwithstanding the foregoing, H&K acknowledges its compensation will be subject to approval by this Court.

31. As set forth in the Vogtle Declaration, H&K intends to apply to this Court for payment of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of section 330 and section 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of this Court.

32. H&K has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this Chapter 11 Cases, other than as permitted pursuant to section 504 of the Bankruptcy Code.

33. H&K also intends to make a reasonable effort to comply with the Bankruptcy Administrator's request for information and additional disclosures, both in connection with this Application and the interim and final fee applications to be filed by H&K in this Chapter 11 Cases.

34. The Debtors has approved the H&K attorneys staffed on this engagement, subject to modification depending upon further case developments.

35. The Debtors will review the invoices of its professionals, including the invoices of H&K. The Debtors' senior management is committed to minimizing duplication of services to reduce professional costs, among other things. To that end, H&K will work closely with all professionals employed by the Debtors to ensure that there is no unnecessary duplication of effort or cost.

## H&K's Disinterestedness

36. To the best of the Debtors' knowledge and as disclosed in this Application and the Vogtle Declaration, (a) H&K is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not

hold or represent an interest adverse to the Debtors' estate, and (b) H&K has no connection to the Debtors, its creditors, or other parties in interest, except as may be disclosed in the Vogtle Declaration.

37. H&K will review its files periodically during the pendency of this Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances exist or arise.

38. If any new, relevant facts or relationships are discovered or arise, H&K will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Rule 2014(a) of the Bankruptcy Rules.

**Basis for Relief Requested**

39. Section 327(a) of the Bankruptcy Code provides that a Debtors in possession may, with the court's approval, employ professionals that do not hold or represent an interest adverse to the estate and that are "disinterested persons," as defined by section 101(14) of the Bankruptcy Code, to represent or assist the Debtors in possession in carrying out its duties under the Bankruptcy Code. *See* 11 U.S.C. § 101(14). Additionally, section 1107(b) of the Bankruptcy Code provides that a professional is not disqualified for employment by a chapter 11 Debtors in possession under section 327(a) of the Bankruptcy Code solely because of its employment by or representation of the Debtors before the commencement of the case. *See* 11 U.S.C. § 1107(b).

40. Bankruptcy Rule 2014(a) requires that an application for retention include specific facts showing the necessity of the employment, the services to be rendered, and any proposed arrangement for compensation, among other things. Fed. R. Bankr. P. 2014.

41. The United States Supreme Court's recent decision in *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano* has called into question a court's ability to issue

*nunc pro tunc* relief. 140 S. Ct. 696 (2020). However, "neither the Code nor the Rules preclude an award of 'reasonable compensation' or reimbursement for 'actual, necessary expenses' pursuant to section 330 for services rendered prior to an order approving retention of the professional." *In re Benitez*, Case No. 8-19-70230-reg, 2020 WL 1272258, at *2 (Bankr. E.D.N.Y. March 13, 2020). "Simply stated, a professional must be retained as required by the statute, but once having been retained, the bankruptcy court is free to compensate him for services rendered to the estate at any time, pre and post-court approval, in accordance with section 330 of the Code." *Id.*

42. H&K's services will enable the Debtors to execute faithfully its duties as Debtors in possession and are necessary to the successful functioning of this Chapter 11 Cases. Based upon both its extensive experience and expertise and its prior representation of the Debtors, H&K is both well qualified and uniquely able to represent the Debtors during this Chapter 11 Cases in an efficient, cost-effective, and timely manner. As stated above, the Debtors does not believe that H&K holds or represents any interest adverse to the Debtors' estate, and it believes that H&K is a "disinterested person" under the Bankruptcy Code. Accordingly, the Debtors submits that the retention of H&K is in the best interests of the Debtors, its estate, and its creditors and should be approved by the Court.

## **Reservation of Rights**

43. Nothing contained in this Application is intended or should be construed as an admission as to the validity of any claim against the Debtors, a waiver of the Debtors' right to dispute any claim, or an approval or assumption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

44. Similarly, if this Court grants the relief sought in this Application, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' right to dispute such claim subsequently.

## Notice

45. The Debtors has provided notice of the filing of the Application either by electronic mail, facsimile, or United States First Class Mail to: (a) the Office of the Bankruptcy Administrator for the Northern District of Alabama; (b) the holders of the 20 largest unsecured claims against the Debtors; (c) counsel to PNC; (d) counsel to Associates Capital Group, LLC (e) Popeyes Louisiana Kitchen, Inc. (f) the United States Attorney's Office for the Northern District of Alabama; (g) the Internal Revenue Service; (h) the office of the Attorney General for the State of Alabama; (i) the Securities and Exchange Commission; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief requested in this Application, the Debtors submits that no other or further notice is required.

WHEREFORE, the Debtors respectfully requests that the Court grant the relief requested in this Application and such other and further relief as the Court may deem just and proper.

Dated: October 26, 2023
Birmingham, Alabama

/s/ Jesse S. Vogtle, Jr.
Jesse S. Vogtle, Jr.
Eric T. Ray
HOLLAND & KNIGHT LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, Alabama 35203
Telephone: (205) 226-5700
Facsimile: (205) 214-8787
jesse.vogtle@hklaw.com
etray@hklaw.com

*-and-*

COLE SCHOTZ P.C.

Gary H. Leibowitz*
Irving E. Walker*
H.C. Jones III*
J. Michael Pardoe*
COLE SCHOTZ PC
1201 Wills Street, Suite 320
Baltimore, MD 21231
(410) 230-0660
(410) 230-0667
gleibowitz@coleschotz.com
iwalker@coleschotz.com
hjones@coleschotz.com
mpardoe@coleschotz.com

*Proposed Attorneys for the Debtors and
Debtors-in-Possession*

*\*pro hac vice admissions pending*

## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| PREMIER KINGS, INC.,[1] | ) Case No.: 23-02871 (TOM) |
| | ) |
| Debtors. | ) Chapter 11 |
| | ) |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOLLAND &**
**KNIGHT LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS IN**
**POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Upon the Application[2] of the above-captioned Debtors and Debtors in possession (collectively, the "Debtors") for entry of an order (the "Order") authorizing the Debtors to employ H&K, all as more fully set forth in the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *General Order of Reference* from the United States District Court for the Northern District of Alabama, dated July 16, 1984, as amended July 17, 1984; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification numbers, are: Premier Kings, Inc. (3932); Premier Kings of Georgia, Inc. (9797); and Premier Kings of North Alabama, LLC (9282). The Debtors' address is 7078 Peachtree Industrial Blvd., Suite #800, Peachtree Corners, GA 30071. The Debtors have filed a motion for joint administration with the Court.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

if any, before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as stated herein.

2. The Debtors are authorized to retain and employ H&K as its attorneys effective as of, and retroactive to, the Petition Date in accordance with the terms and conditions set forth in the Application.

3. H&K is authorized to provide the Debtors with the professional services as described in the Application and consistent with its prepetition engagement for the Debtors. Specifically, but without limitation, H&K will render the following legal services:

   a. advising the Debtors with respect to its powers and duties as Debtors in possession in the continued management and operation of the Debtors' business and property;

   b. advising and consulting on the conduct of this Chapter 11 Cases, including all of the legal and administrative requirements of operating in a case under chapter 11 of the Bankruptcy Code;

   c. attending meetings and negotiating with representatives of creditors and other parties in interest;

   d. taking all necessary actions to protect and preserve the Debtors' estate, including prosecuting actions on the Debtors' behalf, defending any action

commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estate;

e.  preparing pleadings in connection with this Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estate;

f.  advising the Debtors in connection with any potential sale of assets;

g.  appearing before this Court and any appellate courts to represent the interests of the Debtors' estate;

h.  advising the Debtors regarding tax matters;

i.  taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related to the foregoing; and

j.  performing all other necessary legal services for the Debtors in connection with the prosecution of this Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection of the same; and (ii) advising the Debtors on corporate and litigation matters.

4.  H&K shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11

Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

5. Notwithstanding anything to the contrary in the Application or the Declaration attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided and fees for defending any objection to H&K's fee applications under the Bankruptcy Code are approved pending further order of the Court.

6. The Bankruptcy Administrator retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. The Debtors and H&K are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

9. To the extent the Application or the Vogtle Declaration are inconsistent with the Order, the terms of the Order shall govern.

10. The terms and conditions of the Order shall be immediately effective and enforceable upon its entry.

11. The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of the Order.


Dated: _____
Birmingham, Alabama

_____
TAMARA O. MITCHELL
UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit B</u>**

**Vogtle Declaration**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) |
| PREMIER KINGS, INC.,[1] | )  Chapter 11 |
| | ) |
| Debtors. | )  Case No. 23-02871 |
| | ) |

**DECLARATION OF JESSE S. VOGTLE, JR. IN SUPPORT OF
THE DEBTORS' APPLICATION FOR THE ENTRY OF AN ORDER
AUTHORIZING THE RETENTION AND EMPLOYMENT OF HOLLAND
& KNIGHT LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE AS OF THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, I, Jesse S. Vogtle, Jr., hereby declare and state as follows:

**Foundation**

1.     I am a partner in the law firm of Holland & Knight LLP ("H&K"). I am admitted

to practice before the courts of the State of Alabama and the United States District Court for the

Northern District of Alabama, among others. I submit this declaration (the "Declaration"),

pursuant to sections 327(a), 328(a), and 329 of Title 11 of the United States Code (the "Bankruptcy

Code"), Rules 2014 and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), and Rule 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court

for the Northern District of Alabama (the "Local Rules"), in support of the *Debtors' Application*

*for Entry of an Order Approving the Employment and Retention of Holland & Knight LLP as*

*Counsel for the Debtors and Debtors in Possession Retroactive to the Petition Date* (the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax
identification numbers, are:  Premier Kings, Inc. (3932); Premier Kings of Georgia, Inc. (9797);
and Premier Kings of North Alabama, LLC (9282). The Debtors' address is 7078 Peachtree
Industrial Blvd., Suite #800, Peachtree Corners, GA 30071.  The Debtors have filed a motion for
joint administration with the Court.

"Application").[2] Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein:

### **The Debtors' Retention of H&K**

2.  H&K is a multinational law firm with nearly 2,000 attorneys in thirty-five offices located across the country and around the world. H&K has extensive expertise and experience in virtually all aspects of the law that may arise in the above-captioned Chapter 11 Cases (the "Chapter 11 Cases"), including substantial expertise in the fields of bankruptcy and restructuring, corporate, employee benefits, environmental, energy, finance, intellectual property, labor and employment, litigation, real estate, securities, and tax.

3.  The attorneys in H&K's Finance and Restructuring Practice Group have significant experience representing Debtorss in large and complex cases under the Bankruptcy Code. In the past several years, H&K has represented the Debtors in the Chapter 11 Cases of: (a) *In re Premier Cajun Kings, LLC*, Case No. 23-00656; (b) *In re FM Coal, LLC*, Case No. 20-02783 (Bankr. N.D. Ala.); (c) *In re Roman Catholic Diocese of Harrisburg*, Case No. 20-00599 (Bankr. M.D. Penn.); (d) *In re Walker County Hospital Corporation*, Case No. 19-36300 (Bankr. S.D. Tex.); (e) *In re Promise Healthcare Group, Inc.*, Case No. 18-12491 (Bankr. D. Del.); (f) *In re Little River Healthcare Holdings, LLC,* et al., Case No. 18-60526 (Bankr. W.D. Tex.); (g) *In re Stone Panels, Inc. and Stone Panels Holding Corporation*, No. 16-32856 (Bankr. N.D. Tex); (h) *In re Oxane Materials, Inc.*, No. 15-32940 (Bankr. S.D. Tex.); (i) *In re Ranch 967 LLC*, No. 15-10314 (Bankr. W.D. Tex.); (j) *In re Blue Matrix Labs, LLC*, No. 15-52977 (Bankr. W.D. Tex.); (k) *In re Adilace Holdings, Inc. f/k/a Image Trends, Inc.*, No. 14-11583 (Bankr. W.D. Tex.); (l) *In re Advanced*

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings set forth in the Application.

2

*Living Technologies, Inc.*, No. 13-10313 (Bankr. W.D. Tex.); and (m) *In re Church Street Health Management, LLC*, No. 12-01573 (Bankr. M.D. Tenn.).

4.     Given H&K's breadth of experience in large bankruptcy matters, H&K is uniquely qualified to represent the Debtors in this Chapter 11 Cases.

5.     On August 3, 2023, supplemented on August 9, 2023 (the "Retention Date"), the Debtors, through their Deputy Chief Restructuring Officer, Laura Kendall, Aurora Management Partners, LLP, executed an engagement letter with H&K concerning the engagement and assessment of the Debtors by H&K.

6.     Before and after the Retention Date, H&K has provided the Debtors with a wide array of legal services in connection with its business affairs and its restructuring and reorganization efforts. H&K's professionals have worked closely with the Debtors' management and other professionals with regard to these matters and, given both past representations and recent work, H&K is well-acquainted with the Debtors' corporate history, structure, business operations, and the background that has led the Debtors to file this Chapter 11 Cases. As a result, H&K has developed relevant experience and expertise regarding the Debtors that will assist it in providing effective and efficient services in this Chapter 11 Cases.

## Services to be Provided

7.     The Debtors seek to employ H&K on an hourly basis to act as the Debtors' general bankruptcy and restructuring counsel in this Chapter 11 Cases and in matters that arise with respect thereto or to the Debtors and to provide the Debtors with general legal services in other areas, including, without limitation, legal services relating to the operation of the Debtors' business, securities laws, tax, and corporate governance. In particular, the Debtors anticipates that H&K will render, among others, the following professional services:

a.   advising the Debtors with respect to its powers and duties as Debtors in possession in the continued management and operation of the Debtors' business and property;

b.   advising and consulting on the conduct of this Chapter 11 Cases, including all of the legal and administrative requirements of operating in a case under chapter 11 of the Bankruptcy Code;

c.   attending meetings and negotiating with representatives of creditors and other parties in interest;

d.   taking all necessary actions to protect and preserve the Debtors' estate, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estate;

e.   preparing pleadings in connection with this Chapter 11 Cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estate;

f.   advising the Debtors in connection with any potential sale of assets;

g.   appearing before this Court and any appellate courts to represent the interests of the Debtors' estate;

h.   advising the Debtors regarding tax matters;

i.  taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related to the foregoing; and

j.  performing all other necessary legal services for the Debtors in connection with the prosecution of this Chapter 11 Cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection of same; and (ii) advising the Debtors on corporate and litigation matters.

8.  The Debtors requires knowledgeable counsel to provide these essential professional services. H&K has stated its desire and willingness to act in this Chapter 11 Cases and provide the necessary services as attorneys for the Debtors. As noted above, H&K has substantial expertise in all of these areas and has gained valuable knowledge of the Debtors' business and financial affairs as a result of its prepetition representation of the Debtors. For all of these reasons, H&K is both well qualified and uniquely able to represent the Debtors' interests in this Chapter 11 Cases.

**Prepetition Payments to H&K**

9.  The Debtors paid a total of Thirty Five Thousand Five Hundred Seventy-Four and 50/100 Dollars ($35,574.50) to H&K as an advance payment retainer consistent with the Alabama Rules of Professional Conduct ("H & K Retainer Funds"). The H & K Retainer Funds will be held until the end of this Chapter 11 Cases and applied to H&K's fees and expenses in the Chapter 11 Cases unless an alternate arrangement is agreed to by the Debtors or ordered by the Court. Commencing April 1, 2022 through October 24, 2023, the Debtors made timely invoice

prepetition payments to H & K in the total amount of Two Hundred Forty Thousand Eight Hundred Ninety-One dollars ($240,891.00).

**H&K's Fees for Services to be Rendered in Connection with this Chapter 11 Cases**

10.     Except as described herein and subject to the Court's approval, H&K intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses.

11.     H&K's current hourly rates for matters related to this Chapter 11 Cases are as follows:

| **Professional Level** | **Hourly Rate Range** |
|---|---|
| Partner | $550-$950 |
| Counsel | $480 - $805 |
| Associate | $370-500 |
| Paralegal | $250 - $350 |

12.     H&K's hourly rates are set at a level designed to compensate H&K fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. Hourly rates vary with the experience and seniority of the individuals assigned. These hourly rates are subject to periodic adjustments to reflect economic and other conditions. H&K has represented the Debtors during the period before the Petition Date using the hourly rates listed above. These hourly rates are consistent with the rates that H&K charges other non-bankruptcy and chapter 11 clients, regardless of the location of the Chapter 11 Cases. Moreover, the rate structure is appropriate and not significantly different from (a) the rates H&K charges for other similar types of representations or (b) the rates that other comparable counsel would charge to do work substantially similar to the work H&K will perform in this Chapter 11 Cases.

6

13.     A list of the professionals currently expected to provide services to the Debtors and the current hourly rates for these professionals for 2023 is attached hereto as **<u>Schedule 1</u>**. Other attorneys may also provide services to the Debtors as well, depending on the legal issues facing the Debtors.

14.     H&K will maintain detailed, contemporaneous records of time spent, as well as any actual and necessary expenses incurred, in connection with the rendering of the legal services described above by category and nature of the services rendered. Notwithstanding the foregoing, H&K acknowledges its compensation will be subject to approval by this Court.

15.     H&K intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with the procedures set forth in the applicable provisions of sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, as those procedures may be modified or supplemented by order of this Court. As specified above, H&K will hold any retainer balance as security for postpetition services and expenses and will bill the Debtors during the pendency of this Chapter 11 Cases, subject to approval by the Court. Any retainer balance will be applied to H&K's final fee application, as approved by the Court.

16.     H&K has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this Chapter 11 Cases, other than as permitted pursuant to section 504 of the Bankruptcy Code. H&K also intends to make a reasonable effort to comply with the Bankruptcy Administrator's requests for information and additional disclosures, both in connection with the Application and the interim and final fee applications to be filed by H&K in this Chapter 11 Cases.

17.     It is H&K's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred

except for representation of that particular client. It is also H&K's policy to charge its clients for only the amount actually incurred by H&K in connection with such items. Examples of such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals, and lodging. In addition, H&K professionals also may charge their overtime meals and overtime transportation to the Debtors consistent with prepetition practices.

18. Any professionals employed by the Debtors have and/or will work under the direction of the Debtors' management. I understand that the Debtors' directors and senior management are committed to minimizing duplication of services to reduce professional costs, among other things. To that end, H&K will work closely with all professionals employed by the Debtors to ensure that there is no unnecessary duplication of effort or cost.

## **H&K's Disinterestedness**

19. To the best of my knowledge, information, and belief, (a) other than its prior representation of the Debtors and its representation in connection with the Chapter 11 Cases, H&K has no connection with the Debtors except as disclosed herein; (b) H&K does not represent, and has not represented, any entity other than the Debtors in these Chapter 11 Cases; (c) H&K does not have any connection with, and has not represented in the past, the Bankruptcy Administrator for the Northern District of Alabama or any person employed by the Bankruptcy Administrator for the Northern District of Alabama; and (d) H&K does not have any connection with the Debtors' creditors, any other party in interest, or their respective attorneys and accountants, except as set forth below.

20. To check and clear conflicts, and in preparing my declaration, H&K used a set of procedures that it has developed to ensure compliance with the requirements of the Alabama Rules

of Professional Conduct, conflicts rules observed by the Eleventh Circuit Court of Appeals, the Bankruptcy Code, and the Bankruptcy Rules regarding the retention of professionals in Chapter 11 Casess. Pursuant to these procedures, H&K performed the following actions to determine whether H&K or any of its attorneys have any connections with, have in the past represented, or are currently representing potential parties in interest in this Chapter 11 Cases:

    a. A list of interested parties (the "<u>Interested Parties</u>") was created using information provided by the Debtors and additional information identified by H&K. The list of Interested Parties is comprised of the following entities:

        i. Debtors and non-Debtors affiliates (including former names and former affiliates);

        ii. shareholders and equity holders;

        iii. officers and directors;

        iv. restructuring professionals;

        v. senior secured lenders;

        vi. land lessors and royalty owners;

        vii. unsecured creditors and vendors;

        viii. parties to pending litigation; and

        ix. insurers, issuers of surety bonds, and premium financing agreement counterparties.

    b. H&K compared each of the Interested Parties to the names that H&K maintains in its master conflicts database. H&K's client database includes: (i) the name of each current or former client; (ii) the names of any entities materially related to, or

materially adverse to, such current or former client; (iii) the names of the H&K attorneys responsible for such current or former clients; (iv) the status of the matter as either "active" or "inactive"; and (v) the dates on which the matter was opened and/or closed. H&K also circulated the list of Interested Parties to its attorneys who were required to disclose any actual or potential conflicts of interest as part of H&K's normal conflicts screening procedures; and

c. Any matches between the Interested Parties and the entities in H&K's client database were identified, reviewed by an attorney, and compiled for purposes of this Declaration. To the extent that H&K currently represents, or has represented within the last three years, any of the Interested Parties, the identities of such entities are set forth in this Declaration. In determining whether a client is presently represented by H&K, H&K attorneys relied on the existence of an "active" notation on the report to reflect current representation. With respect to matters showing as "inactive," H&K relied on the "close date" to determine whether the representation occurred within the past three years. If an "inactive" matter opened prior to August 2020 showed no "close date," H&K assumed for purposes of this disclosure that the matter was inactive during the past three years and did not include the client in this Declaration. If an "inactive" matter was opened on or after August 2020 but showed no "close date," the client is included in this Declaration.

21. Based on the search of names, H&K concluded it has connections with the Debtors and the Interested Parties as indicated in the following chart[3]:

---

[3] From time to time, H&K has represented, and likely will continue to represent, certain creditors of the Debtor and other parties actually or potentially adverse to the Debtor in matters unrelated to this Chapter

| Interested Party | Relationship to Debtors | Relationship to the Firm |
|---|---|---|
| Wells Fargo N.A. | Lead Bank Lender | Active relationship unrelated to the Debtors. Wells Fargo N.A. provided H&K a conflict waiver to proceed with Debtors' representation on terms further described below |
| PNC Bank | Participant in lender group led by Wells Fargo | Active relationship unrelated to the Debtors |
| Bank of America | Participant in lender group led by Wells Fargo | Active relationship unrelated to the Debtors |
| Truist | Participant in lender group led by Wells Fargo | Active relationship unrelated to the Debtors |
| City National Bank | Participant in lender group led by Wells Fargo | Active relationship unrelated to the Debtors |
| Mitsubishi UFJ Financial Group (MUFG) | Participant in lender group led by Wells Fargo | Active relationship unrelated to the Debtors |

PNC Bank, Bank of America, Truist, City National Bank, and MUFG ( collectively the "Participants").

22.     The Participants represent an immaterial percentage of H & K's revenue for the preceding 12 months.

23.      None of the Participants were clients in connection with the Debtors' loan relationships made subject of this bankruptcy matter.

24.     Other than as disclosed in the preceding paragraphs, H&K does not have any connections with the Interested Parties. Services provided to the entities disclosed herein and/or their affiliates or related entities as identified by H&K's master client database do not individually represent a material percentage of H&K's revenue for the twelve-month period ending 2022.

---

11 Case. As described herein, H&K has undertaken a detailed search to determine whether it represents or has represented any significant creditors, insiders, or other parties in interest in such unrelated matters, and all such known representations within the last three years are described herein. Due to the breadth of H&K's client base, the firm is not subject to undue influence of any single client.

Moreover, H&K has a diverse client base and does not believe that any individual entity (or in the case of affiliated entities, any such affiliate group) on the Interested Parties list represents more than 1% of H&K's revenue for the twelve-month period ending 2022. Due to the breadth of H&K's client base, the firm is not subject to the undue influence of any single client. To be clear, H&K does not and will not represent any of these parties in connection with this Chapter 11 Cases.

25.     I am confident that our diligence has resulted, to the greatest extent possible, in the disclosure of all potential conflicts. However, despite the efforts described herein to identify and disclose H&K's connections with parties in interest in this Chapter 11 Cases, I am unable to state with absolute certainty that every client representation or other connection has been disclosed because H&K is a multinational law firm with nearly 2,000 attorneys in thirty-five offices. In this regard, if H&K discovers additional information that requires disclosure, H&K will file a supplemental disclosure with the Court. Additionally, to the extent that issues may arise which would cause the Debtors to be adverse to any of H&K's clients, H&K will obtain and disclose waivers or, to the extent that it would not be appropriate for H&K to represent the Debtors with respect to such matters, other counsel employed by the Debtors will represent the Debtors in connection with such matters.

26.     Based upon information available to me at this time, I believe that H&K is a "disinterested person" pursuant to section 101(14) of the Bankruptcy Code and that H&K does not hold or represent an interest adverse to the Debtors or its estate as required by section 327(a) of the Bankruptcy Code. Specifically, I do not believe that the connections between H&K and the entities listed herein will impair H&K's ability to represent the Debtors in this Chapter 11 Cases.

27.     No promises have been received by H&K or any member or associate thereof as to payment or compensation in connection with this case other than in accordance with the provisions

of the Bankruptcy Code and the Bankruptcy Rules. Other than with members and regular associates of the firm, H&K has no agreement with any other entity to share with such entity any compensation received by H&K.

28.    I state as follows:

    a.    H&K has not agreed to a variation of its standard or customary billing arrangements for this engagement.

    b.    None of H&K's professionals included in this engagement have varied their rate based on the geographic location of this Chapter 11 Cases.

    c.    H&K was retained by the Debtors' Restructuring Officer pursuant to an engagement letter dated as of August 3, 2023. The material terms of the prepetition engagement are the same as the terms described in the Application and herein, and the billing rates have not changed other than periodic annual increases as provided in the engagement letter and explained in the Application.

    d.    The Debtors has approved or will be approving a prospective budget and staffing plan for H&K's engagement for the post-petition period as appropriate. The budget may be amended as necessary to reflect changed or unanticipated developments.

29.    The foregoing constitutes the statement of H&K pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on October 26, 2023.

/s/ Jesse S. Vogtle, Jr.
Jesse S. Vogtle, Jr.

## <u>SCHEDULE 1</u>

H&K Professionals to be Employed in Connection with the Chapter 11 Cases:

| Name | Title | Hourly Rate |
|---|---|---|
| Jesse S. Vogtle, Jr. | Partner | $795.00 |
| Eric T. Ray | Partner | $610.00 |
| Paul H. Greenwood | Partner | $585.00 |
| Hannah Berny | Associate | $425.00 |
| Morgan L. Allred | Associate | $405.00 |
| Brooke Freeman | Paralegal | $295.00 |