## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| In re: ) | |
| ) | |
| **PREMIER KINGS, INC.,** *et al.*,[1] ) | **Chapter 11** |
| ) | |
| Debtors. ) | **CASE NO.: 23-02871-TOM-11** |
| ) | |
| ) | **Jointly Administered** |
| ) | |

**LIMITED OBJECTION OF PREMIER HOLDINGS, LLC, PREMIER HOLDINGS OF GEORGIA, LLC, PREMIER KINGS HOLDINGS, LLC, PREMIER KINGS HOLDINGS OF ALABAMA, LLC, AND PREMIER KINGS HOLDINGS OF GEORGIA, LLC TO THE MOTION OF THE DEBTORS AND DEBTORS-IN-POSSESSION FOR ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES FOR THE SALE OF ALL OR SUBSTANTIALLY ALL THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTEREST; (II) APPROVING BID PROTECTIONS FOR STALKING HORSE BIDDERS; (III) APPROVING PROCEDURE FOR ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (IV) SCHEDULING AN AUCTION FOR, AND HEARING TO APPROVE, THE SALE OF ALL OR SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; (V) APPROVING THE FORM AND MANNER OF SALE NOTICE; AND (VI) GRANTING RELATED RELIEF**

**COME NOW,** Premier Holdings, LLC, Premier Holdings of Georgia, LLC, Premier Kings Holdings, LLC, Premier Kings Holdings of Alabama, LLC, and Premier Kings Holdings of Georgia, LLC (collectively, "Holdings"), and submits this its limited objection (this "Objection") to the *Motion of the Debtors and Debtors-In-Possession for Entry of an Order (I) Approving Bidding Procedures for the Sale of All or Substantially All the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interest; (II) Approving Bid Protections for Stalking Horse Bidders; (III) Approving Procedure for Assumption and Assignment of Executory Contracts and Unexpired Leases; (IV) Scheduling an Auction for, and Hearing to Approve, the*

---

[1] The Debtors in these cases are: Premier Kings, Inc.; Premier Kings of Georgia, Inc.; and Premier Kings of North Alabama, LLC. The Court has entered an order for joint administration on October 30, 2023 [Doc. No. 84].

*Sale of All or Substantially All of the Debtors' Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (V) Approving the Form and Manner of Sale Notice; and (VI) Granting Related Relief* [Doc. No. 42] (the "Motion") filed by Premier Kings, Inc., Premier Kings of Georgia, Inc., and Premier Kings of North Alabama, LLC (collectively, the "Debtors"). In support of this Objection, the Holdings specifically joins in any objections filed in opposition to the Motions to the extent such objections are not inconsistent with the position set forth herein, and states as follows:

## JURISDICTIONAL INFORMATION

1. On or about October 25, 2023 (the "Petition Date"), Debtors filed for bankruptcy protection under Chapter 11 of 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). Debtors continue to operate its business and manage its property as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108.

2. This Court has jurisdiction over the Motions and this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtors' Chapter 11 case, the Motions, and this Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

3. Holdings and Debtors are parties to over fifty (50) commercial real property leases and over thirty (30) personal property leases.

4. On or about October 26, 2023, the Debtor filed the Motion and requested this Court enter an order, among other things, approving certain sales procedures for a portion of the assets of the Debtor.

**LIMITED OBJECTION**

5. In paragraph 25 of the Motion, Debtors propose to serve the counterparties with the Cure Notice[2] containing a proposed Cure Amount, and the proposed deadline for counterparties to object to the Cure Amount is December 6, 2023. There is no deadline for Debtors' service of the Cure Notice. Debtors should be required to serve the Cure Notice by such a date that the counterparties will have sufficient time to review the Cure Notice and, if necessary, to object to the Cure Amount.

6. Similarly, in paragraph 30 of the Motion, the deadline for an Adequate Assurance Objection is 4:00 p.m. (Central Time) on December 6, 2023. Paragraph 28 of the Motion provides that Debtors shall serve the Adequate Assurance Information no later than December 6, 2023. Accordingly, under the deadlines proposed by Debtors, it is possible that the Adequate Assurance Information will be served later than the counterparties' deadline to file an Adequate Assurance Objection. Debtors should be required to serve the Adequate Assurance Information by such a date that the counterparties will have sufficient time to review the information provided and, if necessary, file an Adequate Assurance Objection.

7. Paragraph 31 of the Motion proposes that the Successful Bidder be permitted to add or subtract leases from the sale, presumably after Proposed Sale Hearing. However, there is no deadline for notice to the counterparties of any Excluded Contract or Subsequently Added Contract; nor is there a corresponding deadline for Debtor to provide Cure Notice, Adequate Assurance Information, and objections thereto. To the extent that there is an Excluded Contract or Subsequently Added Contract after the deadline to object to the Cure Amount and the Adequate Assurance Objection, Debtors should have a deadline by which to notify the

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

counterparties to any Exclude Contract or Subsequently Added Contract. Additionally, in the event there is a Subsequently Added Contract, Debtor should have a deadline by which to provide a Cure Notice and Adequate Assurance Information, and counterparties should have sufficient time to review the information provided and, if necessary, object to the Cure Amount and/or file an Adequate Assurance Objection.

8. Additionally, Exhibits B-1 and B-2 to the Motion do not have the name of the lease counterparties. Holdings requests that, in the future, this information be provided in any such exhibits.

9. The exhibits attached to the Motion also contain the deadlines, or lack thereof. Holdings objects to those exhibits to the extent of this Objection.

10. Although an objection is not yet due to the *Motion of the Debtors and Debtors-in-Possession for Entry of an Order (i) Approving Asset Purchase Agreements and Authorizing the Sale of All or Substantially All of the Debtors' Assets under 11 U.S.C. §§ 363(b) and 363(m); (ii) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests Pursuant to 11 U.S.C. § 363(f); (iii) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Pursuant to 11 U.S.C. § 365; and (iv) Granting Related Relief* [Doc. No. 43] (the "Sale Motion"), Holdings hereby provides notice that some of the personal property which Debtors seek to sell is not owned by Debtors, but is owned by Holdings. A more detailed objection to the Sale Motion will be made on or before the deadline to object to the Sale Motion.

## **CONCLUSION**

For all of the foregoing reasons, the Holdings requests this Court enter an order sustaining this Objection and granting such other and further relief as this Court deems just and appropriate.

DATED this the 13th day of November, 2023.

                                        */s/    Max Moseley*
                                        Max Anderson Moseley

                                        **KUMAR, PRABHU, PATEL, & BANERJEE**
                                        990 Hammond Drive, Suite 800
                                        Atlanta Georgia 30328
                                        Phone: (205) 835-5803
                                        Email: mmoseley@kppblaw.com

                                        Attorney for Premier Holdings, LLC, et al.

## **CERTIFICATE OF SERVICE**

       Service of the foregoing shall be made via e-mail, and if e-mail is not available via U.S. mail, upon the Master Service List as attached to the *Certificate of Service* [Doc. No. 156], with the addition of any other parties requiring service as set forth in the *Order (i) Authorizing the Debtors to File a Consolidated List of Unsecured Creditors for Giving Notice in Lieu of Submitting a Separate List for Each Debtor, (ii) Authorizing the Debtors to Implement Certain Notice and Case Management Procedures, and (iii) Granted Related Relief* [Doc. No. 86], on this the 13th day of November, 2023.

                                        Max Moseley
                                        OF COUNSEL